## PAMELA M. LEVINE *vs.* STEVEN L. LEVINE.

Worcester. March 5, 1985. — May 8, 1985.

Present: HENNESSEY, C.J., WILKINS, ABRAMS, NOLAN, & LYNCH, JJ.

*Divorce and Separation,* Division of property. *Probate Court,* Findings by
    judge.

The judge in a divorce proceeding did not have authority to assign the sepa-
    rate property of one of the parties to the minor child of the parties.
    [750-751]

Findings of fact by the judge in a divorce proceeding fulfilled the require-
    ments of G. L. c. 208, § 34, even though they were filed approximately
    two months after entry of final judgment and after the husband had given
    notice of appeal. [751]

COMPLAINT for divorce filed in the Worcester Division of
the Probate and Family Court Department on March 15, 1983.

The case was heard by *Francis W. Conlin,* J.

The Supreme Judicial Court on its own initiative transferred
the case from the Appeals Court.

*Mark C. Bodanza* for Steven L. Levine.

*James M. Walsh* for Pamela M. Levine.

ABRAMS, J. The husband, Steven Levine, appeals from a
judgment of divorce nisi which assigned a portion of real prop-
erty to a child of the marriage.

Pamela and Steven Levine were married in December, 1979.
A child was born to them in August, 1980. The family resided
in a house in Lunenburg until the spouses' separation in March,
1983. The wife and the couple's child continued to reside at
the marital home, and the husband lived elsewhere after March,
1983. The wife filed a complaint for divorce on March 15,
1983, and the matter was tried in the Probate Court on January
30, 1984. On the same day and after hearing the evidence, a
judge of the Probate Court, pursuant to G. L. c. 208, §§ 1-2,
granted a judgment of divorce nisi, and ordered that the Levines

would have joint custody of their child, but that the wife would have physical custody of the child. The judge ordered that the wife would have the "use and occupancy of the home place until she remarries or an unrelated male lives with her or when the child reaches age 18 then said real estate [would] be sold and the net divided one-third (1/3) to wife, one-third (1/3) to husband and one-third (1/3) to [the child]." The wife was to pay the operating expenses of the home.

The husband appealed from the judgment on February 27, 1984. On the next day, an assistant register of the Probate Court requested that counsel for both parties submit suggested findings of fact and conclusions of law. Counsel complied, and on April 2, 1984, the judge issued findings of fact relative to the factors he considered in the divorce judgment pursuant to G. L. c. 208, § 34. We transferred the case to this court on our own motion. We reverse.

The husband now raises two issues on appeal. First, he argues that the judge did not have power to assign the separate property of a party to the minor child of the parties. Second, he contends that the judge did not meet his obligations under G. L. c. 208, § 34, where the findings of fact were not filed with the judgment of divorce nisi, but only after the defendant filed a notice of appeal. He seeks a retrial of the divorce proceeding.

1. *Property assignment to child.* The judge assigned a one-third interest in the proceeds of the eventual sale of the marital home to the Levine child. General Laws c. 208, § 34, as amended through St. 1983, c. 233, § 77, authorizes the Probate Court to "assign to either husband or wife all or any part of the estate of the other." Beginning with the 1974 amendment, St. 1974, c. 565, G. L. c. 208, § 34, greatly expanded the power of the Probate Court to dispose of the property of parties to a divorce other than as alimony. *Hay* v. *Cloutier,* 389 Mass. 248, 254 (1983). The broad discretion of a judge under G. L. c. 208, § 34, to dispose of and assign property, however, extends by its own language only to assignment of property to the parties themselves, not to their children or any other nonparty. See *Rice* v. *Rice,* 372 Mass. 398, 400, 402 (1977).

Because the court's power to assign property in a divorce proceeding is purely statutory, see *Baird* v. *Baird,* 311 Mass. 329, 331 (1942), the judge could not order a property assignment to the Levine child. See also *Gosselin* v. *Gosselin,* 1 Mass. App. Ct. 146, 147 (1973). Courts of other jurisdictions have similarly held that statutes providing for assignment of property between parties after a divorce do not grant courts power to assign that property to a child. See, e.g., *Patterson* v. *Patterson,* 242 Cal. App. 2d 333, 349-350 (1966); *Giambrocco* v. *Giambrocco,* 161 Colo. 510, 512-515 (1967); *Eich* v. *Gellerson,* 441 A.2d 315, 317 (Me. 1982).[1]

2. *Findings of fact.* The judge requested suggested findings of fact from the parties, and incorporated those suggestions in his findings of fact issued approximately two months after the final judgment. The defendant argues that the judge did not meet his obligations under G. L. c. 208, § 34, because he issued findings of fact after the filing of a notice of appeal, rather than at the time he issued the judgment of divorce nisi. This argument is without merit. See *Mancuso* v. *Mancuso,* 12 Mass. App. Ct. 973, 975 (1981) (fifteen-month delay did not prompt the court to award relief). "While we would prefer that written findings of fact be made before entry of § 34 orders, the judge's findings in this case met the requirements of [G. L. c. 208,] § 34." *King* v. *King,* 373 Mass. 37, 40 (1977). The findings of fact fulfilled their purpose in aiding appellate review of the case. *Id.*

In summary, we hold that the judge improperly assigned a one-third portion of property to the parties' child in the judg-

---

[1] In oral argument before us, the wife argued that the judge's order is valid under G. L. c. 208, § 28, a provision that authorizes the judge to provide for the care and maintenance of minor children in a divorce judgment. She did not raise this statutory argument in her brief, however, and we therefore need not address it here. Mass. R. A. P. 16 (a) (4), as amended, 367 Mass. 919 (1975). The property assignment to the child does not fall within the purposes of G. L. c. 208, § 28, in any event because the order provides that the child might not receive the one-third portion until eighteen years of age, if the mother has not already remarried or lived with an unrelated male, and therefore the purpose of § 28 in providing for the care of *minor* children would not have been furthered.

ment of divorce nisi. Because the judge may have relied on the division of the proceeds from the sale of the home to provide for the support of the wife and child, we remand the case for new findings on the disposition of financial matters.[2]

*Judgment reversed.*

---

[2] The judgment provides that the wife and the child may reside in the marital home until the child attains the age of eighteen or the wife remarries or lives with an unrelated male. At the occurrence of one of these events, the house must be sold. Because our holding requires a new judgment, we point out that a judge may not place limitations on alimony or property settlements "on the basis of moral judgments of the recipient's living arrangements . . . beyond the scope of the [probate] court's discretion." *Mitchell* v. *Mitchell,* 418 A.2d 1140, 1143 (Me. 1980). In *Bell* v. *Bell,* 393 Mass. 20, 24 (1984), cert. denied, 470 U.S. 1027 (1985), a majority of the court affirmed a § 34 agreement with restrictions on the wife's personal life. A judge, however, may not impose such a condition if the parties have not agreed to it in a § 34 agreement.