PHILIP O. JOHNSON vs. LYNNE M. JOHNSON.

Barnstable. May 8, 1997. - August 4, 1997.

Present: WILKINS, C.J., ABRAMS, O'CONNOR, GREANEY, & MARSHALL, JJ.

*Divorce and Separation,* Division of property. *Statute,* Construction.

Neither G. L. c. 208, § 28, nor G. L. c. 208, § 34, authorizes a Probate Court
judge to assign marital property to the children of the parties to a divorce
proceeding or to any nonparty third person. [694-696]

COMPLAINTS for divorce filed in the Barnstable Division of the
Probate and Family Court Department on February 24, 1994,
and March 7, 1994, respectively.

The cases were heard by *Robert E. Terry,* J.

The Supreme Judicial Court on its own initiative transferred
the case from the Appeals Court.

*Stephen C. Maloney* for Philip O. Johnson.

*Jeremy M. Carter* for Lynne M. Johnson.

ABRAMS, J. The husband, Philip Johnson, appeals from that
portion of a judgment of divorce which divided marital assets.
The husband claims that the judge erred by assigning marital
property to dependent children under G. L. c. 208, § 34. He
also argues that the judge erred in "clarifying the judgment."
We transferred the case to this court on our own motion. We
agree with the husband that the judge could not assign the
marital property to persons other than the husband or wife.
Because reconsideration of the order concerning the marital
home may affect the other portions of the judgment, we vacate
the portion of the judgment dividing the marital assets and
debts. We remand the case to the Probate Court for reconsidera-
tion of the division of marital assets and debts.[1]

---

[1]Part of the divorce judgment assigned the obligation to repay credit card
debt that had been incurred during the marriage. The judgment read that
"[e]ach party shall be responsible for the debts standing in their name [*sic*]
and set forth in their respective financial statements."

The wife filed a contempt complaint against the husband for failing to fulfil

The parties had been married for approximately five years at the time of the divorce. They had lived together for an additional four years before marrying. They have four children, aged fourteen, seven, four, and two years at the time of the judgment.[2]

The marital home was located in Mashpee. The parties purchased the home at a foreclosure sale for approximately $60,000 and used an additional $30,000 to fix up the home. The parties financed the purchase and renovations with a loan from the husband's parents, and they gave the parents a first mortgage on the property to secure the loan. The mortgage subsequently was discharged by the parents without consideration, and the debt was forgiven. The husband also owns residential rental property in Plymouth.

The judge made findings as to the parties' respective financial conditions and their employment prospects. The husband and wife both are employed as bus drivers. The judge awarded the parties joint legal custody of the children, with physical custody to the wife. He also made provisions as to child support, visitation, payment of medical insurance and uninsured medical costs, and division of marital assets. Specifically, he ruled that the house be put in a trust with the wife as the trustee "for the benefit of the four unemancipated children of the parties" such that "[e]ach child shall be entitled to a [25%] beneficial interest." The husband argues that neither G. L. c. 208, § 28, nor G. L. c. 208, § 34, allows a judge to assign marital property to children or to any other nonparty. We agree.

General Laws c. 208, § 34,[3] authorizes a Probate Court judge to "assign to either husband or wife all or any part of the estate

his obligations under the judgment with respect to the credit card bill repayments. At the contempt hearing, the judge noted the ambiguity of the judgment and "clarified" the judgment properly to reflect his intent.

The husband argues on appeal that the judge's action in this respect improperly modified the divorce judgment. We need not reach this issue because our ruling on the issue of the assignment of the marital home necessitates a reconsideration of the distribution of all the marital assets and debts. We note, however, that the ambiguity may have arisen because the husband listed all the credit card debts on his financial statement.

[2]Three of the children are from the marriage. The fourth is the biological child of the mother and was adopted by the husband.

[3]General Laws c. 208, § 34, in pertinent part provides: "In addition to or in lieu of a judgment to pay alimony, the court may assign to either husband or

of the other." In *Levine* v. *Levine*, 394 Mass. 749, 750 (1985), we said that "[t]he broad discretion of a judge under G. L. c. 208, § 34, to dispose of and assign property . . . extends by its own language only to assignment of property to the parties themselves, not to their children or any other nonparty." In St. 1989, c. 559, the Legislature added the following language to G. L. c. 208, § 34: "[I]n fixing the nature and value of the property to be so assigned, the [judge] shall also consider the present and future needs of the dependent children of the marriage."[4] The wife argues that this amendment allows assignment of marital property to children. We do not agree.

The judge's power to assign property in a divorce proceeding is purely statutory. *Levine, supra* at 751, citing *Baird* v. *Baird*, 311 Mass. 329, 331 (1942). Under G. L. c. 208, § 34, the power to assign property is limited to an assignment to the husband or wife. The Legislature's amendment did nothing to erode the basic principle that the marital property must be assigned to either the husband or the wife. "The words of the statute cannot be stretched beyond the fair meaning" to include an interpretation that would allow a permanent assignment of property to persons other than the husband or the wife. *Holbrook* v. *Randolph*, 374 Mass. 437, 440-441 (1978). The amendment relied on by the wife simply added a mandatory factor for the judge to consider in dividing the property between the husband and the wife.

The wife also argues that G. L. c. 208, § 28, supports the judge's decision. The wife points to the language in G. L. c. 208, § 28, which empowers the judge to provide for the "care, custody and maintenance" of dependent children. That provi-

---

wife all or any part of the estate of the other, including but not limited to, all vested and nonvested benefits, rights and funds accrued during the marriage and which shall include, but not be limited to, retirement benefits, military retirement benefits if qualified under and to the extent provided by [F]ederal law, pension, profit-sharing, annuity, deferred compensation and insurance."

[4]General Laws c. 208, § 34, provides in relevant part: "In determining the amount of alimony, if any, to be paid, or in fixing the nature and value of the property, if any, to be so assigned, the court, after hearing the witnesses, if any, of each party, shall consider the length of the marriage, the conduct of the parties during the marriage, the age, health, station, occupation, amount and sources of income, vocational skills, employability, estate, liabilities and needs of each of the parties and the opportunity of each for future acquisition of capital assets and income. *In fixing the nature and value of the property to be so assigned, the court shall also consider the present and future needs of the dependent children of the marriage*" (emphasis added).

sion, however, is, by its words, limited to the care and custody of children, the support of children, and children's education and health insurance. It permits a court to award custody to a third person. Its scope does not extend to the assignment of marital assets.[5]

We conclude that § 28 does not include an implicit authorization of the assignment of marital property to children given the explicit legislation on the division of marital property expressed by § 34. "Sections of the same chapter are to be interpreted . . . so as to constitute an harmonious and consistent body of laws." *Gosselin* v. *Gosselin*, 1 Mass. App. Ct. 146, 148 (1973).

In sum, judges may not assign marital property to third persons, even children of the marriage, without clear and specific statutory authority. The portion of the judgment of the Probate and Family Court dividing the marital assets and debts is vacated. This matter is remanded to the Probate and Family Court for reconsideration of the division of marital assets and debts.

*So ordered.*

---

[5]The Appeals Court has suggested that an order that "use and occupancy" of the marital home be granted to the custodial parent until the dependent children are emancipated is an appropriate order for support of children under G. L. c. 208, § 28, even though the result is a significant delay in the realization by the parties of their interest in the marital property. See *LoStracco* v. *LoStracco*, 32 Mass. App. Ct. 1, 4 (1992); *Tatar* v. *Schuker*, 31 Mass. App. Ct. 534, 536 (1991); *Hartog* v. *Hartog*, 27 Mass. App. Ct. 124, 128 (1989).