## MARK A. PASSEMATO *vs.* DONNA PASSEMATO.[1]

Essex. February 5, 1998. - March 6, 1998.

Present: WILKINS, C.J., ABRAMS, LYNCH, GREANEY, FRIED, MARSHALL, & IRELAND, JJ.

*Divorce and Separation,* Child support, Division of property.

In the circumstances of a divorce proceeding, the judge did not abuse his discretion in ordering, as part of child support, that the wife fund with presently available monies a college educational trust fund for the future benefit of the three minor children, where the monies were not marital assets, where the wife's inability to conserve her assets was documented on the record, and where any unexpended remainder in the trust would revert to the wife. [54-57]

In a divorce proceeding, the judge's division of marital assets pursuant to G. L. c. 208, § 34, reflected no abuse of discretion. [57-58]

A divorce proceeding was remanded for consideration, and additional findings and orders if warranted, relative to the parties' joint liabilities. [58]

COMPLAINT for divorce filed in the Essex Division of the Probate and Family Court Department on August 12, 1994.

The case was heard by *Edward J. Rockett,* J.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Richard Nolan Foley* for Donna Passemato.

*Daniel P. Tarlow* for Mark A. Passemato.

*George P. Lordan, Jr.,* for the interveners.

GREANEY, J. The wife, Donna Passemato, appeals from a judgment of divorce which divided marital assets. She claims that the judge erred in creating a college educational trust fund for the benefit of the three minor children of the parties and committed an abuse of discretion in otherwise dividing the marital property. We transferred the case to this court on our motion. We reject the wife's arguments, but conclude that one matter appears to have been overlooked in the property division, and that matter may need further consideration.

[1]The parties' three minor children were allowed to intervene by the Appeals Court.

We summarize the facts related to the issues on appeal based on the judge's findings and the evidence in the record. The parties were married in 1985, and they last lived together in the marital home in 1994. This was the first marriage for both the husband and the wife. At the time of the judgment, their three minor children, ages ten, eight, and four years, lived with the wife in the marital home. The marital estate consisted primarily of the home, valued at $180,000, and approximately $249,106 that the wife was due to receive from her late father's estate.[2] During the marriage, the wife had also received $317,263.09 from the estates of her parents, approximately one-half of which was used to finance the marital home. In addition, three $10,000 certificates of deposit had been purchased by the wife's father for the purpose of financing the children's college educational expenses. All the inheritance money, as well as the three certificates of deposit, had been spent during the marriage, and the judge found that the wife could not adequately account for many expenditures, apart from the money used to pay for the marital home.

Both the husband and wife are high school graduates. The wife is also a licensed hairdresser. The husband, thirty-nine years old, had been employed in the construction business during the marriage, and, at the time of the judgment, was employed as a maintenance worker and self-employed as a part-time carpenter, earning approximately $650 per week. The wife, thirty-seven years old, had been employed as a bartender and self-employed as a hairdresser during the marriage. At the time of the judgment, she claimed she was unemployed, but admitted to occasionally doing hairdressing in her home. The judge found that the wife was not in need of support because of her hairdressing skills, involvement in a business venture, and anticipated distributions from her father's estate.

The judge granted the husband's complaint for divorce based on an irretrievable breakdown of the marriage. The parties were given joint legal custody of the minor children who were to remain in the physical custody of the wife. The husband was ordered to pay $224 weekly as child support and was granted

---

[2]The executor of the wife's parents' estates indicated that he was currently holding the amount of approximately $109,000 in escrow pursuant to an order of the Probate and Family Court. He also indicated that the wife would be receiving additional distributions from her father's estate in the amount of approximately $140,106.

liberal visitation. The wife was awarded the marital home and all personal household furniture and furnishings in the marital home, with the exception of certain items of personal property that were awarded to the husband. The husband's interest in the marital home was to be transferred to the wife upon her payment to him of $22,500, and the wife was to assume the remaining mortgage obligations on the marital home. The parties each retained possession of their respective automobiles. The wife was to receive all further distributions from her father's estate. However, as requested by the husband, a college educational trust fund in the principal amount of $100,000 was to be established for the benefit of the three minor children from these distributions. An independent trustee was appointed to manage the funds in the trust, and any funds not used for the payment of the children's educational expenses were to be paid over to the wife as her exclusive property.[3]

1. The wife's sole argument as to the propriety of the college educational trust fund is that it is premature. Relying on *Doe* v. *Roe*, 32 Mass. App. Ct. 63 (1992), the wife argues that the child support guidelines, see G. L. c. 211B, § 15, only allow orders pertaining to the current needs of the children, and that college educational expenses should only be considered for dependent children who are about to attend or who are already enrolled in higher education. *Doe, supra* at 69-70 (support order for a father to pay future college costs of his son if the son "desires to further his education beyond high school," and if the father "has the ability to pay at that time," was vague and inappropriate). While we agree that, as a general rule, support orders regarding the future payment of post-high school educational costs are premature and should not be made, we uphold the order creating a college educational trust fund in this case based on the particular facts.

Here, in contrast to the situation in *Doe*, the money is presently available to fund a college educational trust. Both the husband and wife expressed concern for their children's future education. The wife stated a clear intention to replace the three certificates of deposit that had been purchased by her father to finance the children's college educations, but which had been spent for other purposes. It does not appear that either parent

[3]The judge directed counsel for the parties to provide him with a draft instrument containing details of the trust within thirty days of the entry of final judgment.

will be able to provide for the future educational costs of the dependent children from their incomes alone. In addition, there was sufficient evidence of reckless economic and social behavior on the part of the wife, which we need not detail, to warrant the judge's finding that, in the absence of the trust structure, it is unlikely that sufficient funds will remain for the children to obtain college educations when they are of age to do so. Thus, the trust form was imposed to secure the funds for the future educational needs of the children.

We dealt with the request in a divorce case for security for a minor child's future expenses in *Pare* v. *Pare*, 409 Mass. 292, 298 (1991). With respect to the issue of security, we stated, "General Laws c. 208, § 28 (1988 ed.), provides in relevant part that '[u]pon a judgment for divorce, the court may make such judgment as it considers expedient relative to the care, custody and maintenance of the minor children of the parties . . . .' Building on § 28, G. L. c. 208, § 36, provides, in pertinent part: 'When . . . support is adjudged for the . . . children, the court may require sufficient security for its payment according to the judgment.' Other provisions of these statutes do not limit the force of these specific provisions. Thus, §§ 28 and 36 together confer on probate judges broad ·discretion to fashion judgments in divorce proceedings that will best protect the interests and welfare of the parties' minor children." *Pare* v. *Pare*, *supra* at 298-299. In addition to these provisions, G. L. c. 208, § 12, states that, "[u]pon an action for divorce by either spouse . . . the real and personal property of the other spouse may be attached to secure suitable support and maintenance . . . to such children as may be committed to [a parent's] care and custody." Further, G. L. c. 208, § 34, was amended by St. 1989, c. 559, to require Probate and Family Court judges, when making a division of marital property under § 34, to consider "the present and future needs of the dependent children of the marriage." See C.P. Kindregan, Jr. & M.L. Inker, Family Law and Practice § 40.5 (2d ed. 1996). After considering our decisions alluding to the issue of security[4] and the

---

[4]See *Gould* v. *Gould*, 359 Mass. 29, 32 (1971), quoting *Dunnington* v. *Dunnington*, 324 Mass. 610, 612 (1949) ("[under G. L. c. 208, § 36], the court may require sufficient security for the payment of alimony"); *Greenia* v. *Greenia*, 206 Mass. 449, 450 (1910) (noting that, under predecessor to G. L.

similar treatment of this issue by other jurisdictions,[5] we concluded in *Pare* that "a probate judge presiding over a divorce proceeding has the authority to enter orders that are designed to secure a spouse's duty to provide support or benefits to a minor child of the marriage. Whether to enter such orders in a given case, as well as the specific form that any order or orders should take, are matters within the judge's broad discretion, to be exercised upon consideration of all relevant circumstances." *Pare, supra* at 300.

At the same time, it has been recognized that the discretionary power of a Probate and Family Court judge in this area is not boundless, and that neither G. L. c. 208, § 34, nor G. L. c. 208, § 28, authorizes a Probate Court judge to assign marital property to the children of the parties to a divorce or to any third person. Recently, in *Johnson* v. *Johnson,* 425 Mass. 693 (1997), we set aside an order which placed the marital home in trust with the wife as trustee for the benefit of the four minor children of the parties. We stated that the 1989 amendment to G. L. c. 208, § 34, noted above, "did nothing to erode the basic principle that the marital property must be assigned to either the husband or the wife," and that "[t]he amendment . . . simply added a mandatory factor [to § 34] for the judge to consider in dividing the property between the husband and the wife." *Id.* at 695. We also concluded that G. L. c. 208, § 28, "does not include an implicit authorization of the assignment of marital property to children given the explicit legislation on the division of marital property expressed by § 34." *Id.* at 696. The *Johnson* decision reaffirmed the basic principle stated in *Levine* v. *Levine,* 394 Mass. 749 (1985), about the scope of a Probate and Family Court judge's authority under G. L. c. 208. In *Levine,* we vacated an order that assigned a portion of the proceeds

c. 208, § 37, the court could appoint trustees to hold property for the use of the children).

[5]See *Hinchey* v. *Hinchey,* 722 P.2d 949, 950-953 (Alaska 1986); *Farley* v. *Farley,* 227 Cal. App. 2d 1, 4-5, 7, cert. denied, 379 U.S. 945 (1964) (applying Utah law); *Rosenberg* v. *Rosenberg,* 201 So. 2d 615, 615-616 (Fla. Dist. Ct. App. 1967); *Jones* v. *State,* 85 Idaho 135, 137-139 (1962); *Olsher* v. *Olsher,* 78 Ill. App. 3d 627, 637 (1979); *Ulrich* v. *Ulrich,* 400 N.W.2d 213, 217-218 (Minn. Ct. App. 1987); *Guggenheimer* v. *Guggenheimer,* 99 N.H. 399, 401-403 (1995); *Mitchell* v. *Mitchell,* 283 S.C. 87, 92 (1984); *Bryant* v. *Bryant,* 68 Wash. 2d 97, 99-101 (1966); *Foregger* v. *Foregger,* 40 Wis. 2d 632, 648a-648b (1968). See generally Annot., Court's Establishment of Trust to Secure Alimony or Child Support in Divorce Proceedings, 3 A.L.R.3d 1170 (1965).

of the eventual sale of the marital home to a minor child of the parties, noting that "[t]he broad discretion of a judge under G. L. c. 208, § 34, to dispose of and assign property . . . extends by its own language only to assignment of property to the parties themselves, not to their children or any other non-party." *Id.* at 750.

Unlike the orders in the *Johnson* and *Levine* cases, the order here creating the college educational trust fund is not an outright assignment of marital assets to children. Rather, the order is a directive that the wife, the custodial parent and the more financially able party, pay for the children's future education out of funds currently available and assigned to her. The educational trust fund is designed to secure these funds so that the wife will be able to meet her obligations of support. Any unexpended funds, after payment of the educational expenses, are to become the sole property of the wife. The college educational trust fund, therefore, is in the nature of an order for future child support imposed on a custodial parent who is recognized as the owner of the funds and who retains any money not spent for support. The form of a trust is imposed to secure the order against the wife's documented inability to conserve her assets. We conclude, in these circumstances, that the educational trust does not violate G. L. c. 208, § 34. In so holding, we emphasize again that the general rules are those stated by the Appeals Court, in *Doe* v. *Roe, supra*, and by this court in *Johnson* v. *Johnson, supra*, and that the particular facts of this case, coupled with the terms of the educational trust itself, merit a narrow exception justifying the arrangement.

2. The wife also contends that the division of marital assets was an abuse of discretion, although she does not specifically state what she would consider to be an equitable distribution. General Laws c. 208, § 34, gives the judge broad discretion to "assign to either the husband or the wife all or any part of the estate of the other," after consideration of the factors enumerated in the statute. See *Heins* v. *Ledis*, 422 Mass. 477, 480-481 (1996). A division of marital property which is supported by findings as to the required factors will not be disturbed on appeal unless "plainly wrong and excessive." *Id.* at 481.

The judge made written findings of fact, considering the required factors (except for one factor that we shall discuss subsequently), and awarded the wife the bulk of the estate. The wife, as the custodial parent, was awarded the marital home, in

recognition of the substantial monetary contributions made from her inheritance to acquire this home, but subject to a payment of $22,500 to the husband representing his share of the marital assets. The wife was also awarded all the inheritance money still due to her, subject to the establishment of the educational trust fund. The husband was allowed to keep a few personal items from the marital home as well as his automobile and tools of his trade. The husband does not contest this division of marital property. The division reflects no abuse of discretion.

3. The record indicates that the parties had outstanding joint liabilities of approximately $15,000 at the time of the hearing, which were not specifically addressed by the judge in his findings and orders as required by G. L. c. 208, § 34. See C.P. Kindregan, Jr. & M.L. Inker, Family Law and Practice § 40.16 (2d ed. 1996). The wife, in her brief, points to the omission of an order as to the liabilities, although when she received the judgment she did not move, as she should have, to bring the omission to the judge's attention. In the interests of fairness and completeness, we think the matter should be addressed. A motion for a further order on the parties' liabilities may be filed by either party within thirty days of the entry of the rescript on the docket in the Probate and Family Court. The judge may resolve the distribution of these liabilities based on the record established at the hearing, unless he determines, in his discretion, that further evidence or information is warranted. The judge's findings and orders relative to the liabilities are to be entered as a supplemental judgment. The judgment before us is affirmed.

*So ordered.*