CLOTHILDE LANG vs. JOHN DOUGLAS KOON.

No. 02-P-1443.

Hampden. January 15, 2004. - April 27, 2004.

Present: DUFFLY, KANTROWITZ, & KAFKER, JJ.

*Divorce and Separation,* Modification of judgment, Child support.

This court concluded that a Probate judge erred in modifying a divorce judg-
ment to order an increase in child support payments to pay for the future
college expenses of a fifteen year old child and her younger brother,
where, given the children's ages at the time of the modification and the
fact that the judge identified no special concerns regarding either the
children or the parents, the responsibility to plan in advance for anticipated
college expenses remained with the parents. [24-27]

COMPLAINT for divorce filed in the Hampden Division of the
Probate and Family Court Department on July 10, 1992.

A complaint for modification, filed on December 11, 2001,
was heard by *David M. Fuller,* J.

*Kenneth R. Barba* for the defendant.

KAFKER, J. The issue presented is whether a Probate Court
judge erred in modifying a divorce judgment to order an
increase in child support payments to pay for the future college
expenses of a fifteen year old child and her younger brother. We
conclude that the judge did err and vacate the judgment of
modification.

*Background.* The parties' Complete Amended Stipulation and
Property Settlement Agreement (Agreement), dated July 18,
1994, required the defendant to pay child support in the amount
of $255 each week, with payments to increase to $475 as of
June 15, 1998. At the time of their divorce, the parties had two
children, Taylor, aged six,[1] and Trevor, aged two.[2] The Agree-

---

[1]Taylor's date of birth is October 23, 1986.

[2]Trevor's date of birth is October 7, 1990.

ment made no provision for educational expenses. Article 2 of the Agreement did provide, however, that "[s]upport payments shall continue for the CHILDREN until their majority, which for the purposes of this Agreement shall mean attaining the age of eighteen or 23 if they are full time students enrolled in an undergraduate education program, principally depending upon and residing with the custodial parent."[3]

The plaintiff filed a complaint for modification on December 11, 2001, seeking an increase in child support based on changed circumstances. Her complaint simply stated that the "cost of bringing up [two] children has increased dramatically." The defendant counterclaimed for a reduction in child support, stating that the plaintiff had begun working and was earning in excess of $15,000 per year. A hearing was held on June 10, 2002.

In his June 12, 2002, finding of facts, the probate judge found that the children were fifteen and eleven years of age. The children both attended parochial schools, the tuition for which would be $5,000 per year as of September, 2002, for the older child and $2,000 for the younger child. The judge also found that since the entry of the existing support order, (1) the plaintiff had begun employment as an administrative assistant[4] and was earning approximately $20,000 per year; and (2) the defendant, after "maxing out" the income potential of the job he held at the time of the divorce, which was about $70,000 per year, had switched jobs and was earning a base salary of $170,000 per year, as well as bonuses, in a "highly intense and competitive work environment."[5]

In his discussion, the probate judge stated there was a "lack of any present agreement between the parties with respect to the sharing of education expenses." He also stated that "[o]ne of the plaintiff's needs is to begin putting aside money for her share of future college expenses as the parties made no provision for same at the time of the divorce (although they did

---

[3]The Agreement also stated that "[t]he wife and the husband have incorporated in this Agreement their entire understanding."

[4]The plaintiff was not employed at the time of the divorce.

[5]His new job required frequent travel and some curtailment of his regular alternate weekend visitation.

agree that support would continue up to age 23 if a child remained as a full-time undergraduate in a college program)." The judge further stated, "[i]f they wait until the children start college before addressing this expense they will not have sufficient time within which to set aside the necessary funds." The judge concluded that "while it is true that a child support order much beyond the $620.50 order advocated by the defendant is more than enough to meet the *current expenses* of the children, it is not so when the *future college costs* of the children are considered" (emphasis added). He ordered an increase in child support from $475 per week to $890.[6] The defendant timely filed his notice of appeal.

*Discussion.* General Laws c. 208, § 28, provides that "[u]pon a complaint after a divorce, . . . the court may make a judgment modifying its earlier judgment . . . provided that the court finds that a material and substantial change in the circumstances of the parties has occurred." The statute also authorizes the court to "make appropriate orders of maintenance, support and education of any child who has attained age eighteen but who has not attained age twenty-one and who is domiciled in the home of a parent, and is principally dependent upon said parent for maintenance." *Ibid.* Furthermore, this court has held that in appropriate circumstances, the need to pay actual college expenses may constitute a change in circumstances of the parties warranting modification of a divorce judgment. *Cabot* v. *Cabot*, 55 Mass. App. Ct. 756, 765 (2002).[7] For the reasons stated herein, however, we find that the Probate

---

[6]A weekly payment of $620.50 was the amount of support calculated by applying the child support guidelines to the defendant's first $100,000 of annual earnings. This part of the modification was uncontested. The difference between $620.50 and $890 reflected an additional twenty percent of the next $70,000 of the defendant's income.

[7]In the instant case, the judge found that there was no contractual agreement in place covering college education expenses. This interpretation of the Agreement is correct. The absence of such an agreement, or any express or implied intention to not be responsible for such payments, is not surprising given that the children were six and two at the time of the divorce and college was not on the "horizon." See *Cabot* v. *Cabot*, 55 Mass. App. Ct. at 764-765, distinguishing *McCarthy* v. *McCarthy*, 36 Mass. App. Ct. 490 (1994). See also G. L. c. 208, § 28 ("modification of child support may enter notwithstanding an agreement of the parents that has independent legal significance"); *Benson* v. *Benson*, 422 Mass. 698, 702 (1996).

Court judge abused his discretion by modifying a divorce judgment to increase child support to provide for future college expenses.

"[A]s a general rule, support orders regarding the future payment of post-high school educational costs are premature and should not be made." *Passemato* v. *Passemato*, 427 Mass. 52, 54 (1998). See *L.W.K.* v. *E.R.C.*, 432 Mass. 438, 452, 453 (2000) (emphasizing statutory age limitation on educational support awards); *Kotler* v. *Spaulding*, 24 Mass. App. Ct. 515, 518 (1987) (judge is limited by "strictures" of G. L. c. 208, § 28, when making order for "maintenance, support or education"). Support orders must address the "current needs" of the children. *Bush* v. *Bush*, 402 Mass. 406, 410 (1988). See *L.W.K.* v. *E.R.C.*, *supra* at 452-453 (educational awards should meet current needs of the child); *Doe* v. *Roe*, 32 Mass. App. Ct. 63, 70 (1992). In this case, the Probate Court's judgment of modification and findings of fact make clear that much, if not all, of the increase beyond $620.50 was intended to cover future educational costs.[8]

Although orders for future educational expenses may be upheld when the particular facts of the case justify them, the facts did not justify the order here. See *L.W.K.* v. *E.R.C.*, *supra* at 454 (Probate Court judge lacked "authority to order future educational support to a child who has not yet attained the age of eighteen, because of the death of her father"). The limited circumstances that do justify orders for future educational expenses have involved children with special needs or profligate parents. See *Passemato* v. *Passemato*, *supra* at 54-55; *Taverna* v. *Pizzi*, 430 Mass. 882, 886 (2000). For example, in *Passemato, supra* at 55, "there was sufficient evidence of reckless economic and social behavior on the part of the wife," in addition to sufficient evidence that neither parent would "be able to provide for the future educational costs of the dependent

---

[8]The judge expressly found "that a child support order much beyond the $620.50 order advocated by the defendant is more than enough to meet the current expenses of the children," and went on to say that "it is not so when the future college costs of the children are considered." Although stating that at least a portion of the amount in excess of $620.50 was not necessary to pay current expenses, the finding leaves room for the possibility that the judge had determined that some of the excess was necessary to pay such expenses. See note 12, *infra.*

children from their incomes alone." For those reasons, "in the absence of the trust structure" imposed, the court determined that "it [was] unlikely that sufficient funds [would] remain for the children to obtain college educations." *Ibid.* Similarly, the court upheld an order for future educational expenses in *Taverna v. Pizzi,* 430 Mass. at 886, where there were "findings that the defendant had denied, and had evaded, his financial duty to care for the child over the years." Furthermore, the twelve year old child "suffered from birth with serious health problems requiring extensive medical care." *Ibid.* The particular facts satisfied the court "that the order directing the defendant to establish a college education fund for the child was warranted." *Id.* at 886.[9]

In the instant case, the judge identified no special circumstances justifying the advance payment of future college expenses. The children were not found to have significant health problems, nor were the parents found to be irresponsible with their money.[10] The judge's sole finding was that if the parents wait until the children start college they will not have sufficient time to set aside the necessary funds. Given the cost of college education today, this is true for all but the wealthiest of parents. In these circumstances, where the children were fifteen and eleven years old[11] at the time of the judgment of modification, and there were no findings of special concerns regarding either the children or the parents, it remains the responsibility of the individual parents, without judicial intervention, to plan in advance for anticipated college expenses. As a result, any increase in the child support order beyond $620.50 per week, if

---

[9]Here, notably, there was no provision for a structured educational expense or trust fund. See *Passemato v. Passemato, supra* at 57 (trust imposed to secure order for future child support "against the wife's documented inability to conserve her assets"). All that was required under the order was an increase in the payments to the plaintiff, so that she would be able to pay for her as yet undetermined share of future college education expenses. The order offers no assurance that the money would in fact be set aside for future educational expense.

[10]Changed circumstances to that effect might appropriately trigger a modification request.

[11]Neither child was therefore approaching college age. We recognize, however, that the older child is now seventeen and actual college expenses may be imminent. See *Cabot v. Cabot, supra* at 765.

intended to pay for future college education expenses, was error. See note 6, *supra.*

*Conclusion.* For the reasons stated herein, we vacate the judgment of modification awarding weekly child support payments in the amount of $890, and remand to the Probate and Family Court for the entry of a new judgment consistent with this opinion.[12]

*So ordered.*

---

[12]On remand the Probate Court should clarify whether any part of the difference between $620.50 and $890 was necessary to pay for current expenses necessitated by the parochial school tuition as opposed to future college expenses.