NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

21-P-904

THOMAS MICHAEL BONAPARTE & another[1]

vs.

MICHELA DEVOTI.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

This appeal stems from divorce proceedings in the Probate and Family Court between Michela Devoti (wife) and Thomas Bonaparte (husband), during a portion of which the wife was represented by Attorney Lauren G. Klein. After Klein withdrew from her representation of the wife, she initiated a Superior Court action to determine the amount of her attorney's lien. The Superior Court proceedings determined the amount of the lien and also resulted in the imposition of sanctions on the wife for vexatious litigation. A Probate and Family Court judge (remand judge) thereafter issued an "amended judgment on remand" on September 9, 2021 (amended divorce judgment), providing, among other things, that all amounts due to Klein under the Superior

_____

[1] Lauren G. Klein, intervener.

Court judgment would be paid directly to Klein from the wife's portion of the property division. The wife appeals, challenging the portions of the amended divorce judgment pertaining to the attorney's lien, statutory interest, sanctions, retroactive child support, college expenses, and property division.[2] We reverse so much of the amended divorce judgment as requires the parties to contribute to the minor child's future college expenses. The amended divorce judgment is affirmed in all other respects.

Background. The parties were married in October 2005, and their child was born in 2006. Although they lived together as a family in Massachusetts for a short period of time, during most of the parties' marriage and throughout the litigation in this case, the wife and the child have resided in Italy, while the husband has resided in the United States. In May 2015, the husband filed a complaint for divorce in the Probate and Family Court and a judgment of divorce nisi issued in June 2016 (2016 divorce judgment). The wife appealed and, in 2018, this court vacated the 2016 divorce judgment (except for the portion dissolving the parties' marriage) and remanded the case for a new trial because the wife had not been permitted to testify

---

[2] The wife also appeals from a "postjudgment" order dated September 10, 2021, but makes no separate argument with regard to this order, which essentially deals with the same issues already addressed in this appeal.

either telephonically or electronically. See Bonaparte v. Devoti, 93 Mass. App. Ct. 603, 608 (2018). Klein represented the wife in the divorce proceedings through the entry of the 2016 divorce judgment.

After the 2016 divorce judgment entered, Klein withdrew as the wife's counsel and moved to enforce her attorney's lien pursuant to G. L. c. 221, § 50. On August 2, 2016, nunc pro tunc to July 21, 2016, a Probate and Family Court judge issued an order providing, in relevant part, that Klein was entitled to a lien "for her reasonable legal fees and costs, which shall be paid from any final award or settlement that is entered or made to the [wife], or from any other proceeds that the [wife] may receive in this matter"; however, "[t]he amount of this lien is not hereby determined, but must be determined by a proceeding brought in another Court" (emphasis omitted).

In December 2016, Klein commenced a Superior Court action to determine the amount of her attorney's lien. After unsuccessfully moving to dismiss, the wife filed a number of motions seeking reconsideration, resulting in her being sanctioned by a Superior Court judge for vexatious litigation. She was further sanctioned by another Superior Court judge for other "behavior throughout th[e] [Superior Court] litigation that appear[ed] to be intended to delay and to impose unnecessary burdens on opposing counsel and th[e] [c]ourt." In

3

July 2020, following a trial, a different Superior Court judge issued findings of fact and judgments (1) declaring that $36,891.60 was the amount of reasonable attorney's fees owed by the wife for services rendered by Klein in connection with the divorce proceedings; and (2) requiring the wife to pay the previously ordered sanctions, in the amount of $3,990, plus statutory prejudgment interest from December 2019 to July 2020. The Superior Court judge noted that, with respect to the amount of the attorney's lien, because he had "not enter[ed] a judgment for money damages, [he] [did] not address the issue of interest, which [wa]s for the Probate and Family Court" to decide. The wife appealed from the Superior Court judgments, which were recently affirmed by a different panel of this court in an unpublished memorandum and order. See Klein v. Devoti, 101 Mass. App. Ct. 1106 (2022).

While the Superior Court action was pending, the divorce matter was remanded to the Probate and Family Court for further proceedings. Klein moved to intervene in the remanded divorce proceedings. A one-day divorce trial was held before the remand judge on February 19, 2021, during which both parties were represented by counsel. The remand judge allowed Klein's renewed motion to enforce attorney's lien in an order dated February 19, 2021.

4

In September 2021, the remand judge issued the amended divorce judgment providing, among other things, that (1) the husband shall pay weekly child support of $365; (2) the parties shall equally contribute to the child's college expenses "based upon his or her ability at the time"; and (3) as part of the property division, the wife shall receive $79,400 from the husband, less "all funds due" to Klein "pursuant to [the] Superior Court [action], plus statutory interest from the date of the Superior Court [j]udgment through the date of distribution. Any such funds shall be paid by husband directly to Attorney Klein at that time." The present appeal by the wife followed.

Discussion. The wife challenges the portions of the amended divorce judgment (1) requiring the payment of Klein's lien, statutory interest, and Superior Court sanctions from the wife's share of the property division; (2) denying her request for retroactive child support; (3) allocating financial responsibility for the child's future college expenses; and (4) pertaining to the property division. We address her contentions in turn.

1. Amounts due to Klein. As an initial matter, we note that many of the issues raised by the wife in connection with the attorney's lien and the imposition of sanctions were either already decided in the prior appeal, Klein v. Devoti, 101 Mass.

5

App. Ct. 1106 (2022), or were not raised below in the first instance. We will not revisit those previously decided issues, see King v. Driscoll, 424 Mass. 1, 7-8 (1996), nor will we entertain issues that have been raised for the first time on appeal. See Carey v. New England Organ Bank, 446 Mass. 270, 285 (2006). We therefore turn to the wife's remaining contentions regarding the amounts due to Klein; that the amended divorce judgment erroneously included statutory interest and sanctions in the amount to be paid to Klein from the wife's share of the property division.

"An attorney's lien under G. L. c. 221, § 50, is a tool for the recovery of legal fees." Ropes & Gray LLP v. Jalbert, 454 Mass. 407, 413 (2009). The purpose of interest under G. L. c. 231, § 6C[3] is to "compensate a damaged party for the loss of use or unlawful detention of money." Craft v. Kane, 65 Mass. App. Ct. 322, 328 (2005), quoting Sterilite Corp. v. Continental Cas. Co., 397 Mass. 837, 841 (1986). Statutory interest may be awarded on an attorney's lien from the date that the court enters an order establishing the amount of the lien. Here, the remand judge awarded "statutory interest from the date of the

---

[3] "In all actions based on contractual obligations, upon a verdict, finding or order for judgment for pecuniary damages, interest shall be added by the clerk of the court to the amount of damages, at the contract rate, if established, or at the rate of twelve per cent per annum from the date of the breach or demand. . . ." G. L. c. 231, § 6C.

6

Superior Court [j]udgment" establishing the amount of Klein's lien. See Craft, supra (statutory interest may be awarded on attorney's lien from date that court enters order establishing amount of lien). We discern no error in the award of statutory interest set forth in the amended divorce judgment.

As for the inclusion of sanctions in the amended divorce judgment, the wife argues in a conclusory fashion that the attorney's lien "does not apply to sanctions awarded in a separate adversarial proceeding against a former client." The wife appears to be arguing that the remand judge lacked authority to enforce the Superior Court judgment pertaining to sanctions; however, she provides no relevant legal authority in support thereof. Accordingly, this contention does not rise to the level of reasoned appellate argument, and we decline to consider it. See Mass. R. A. P. 16 (a) (9), as appearing in 481 Mass. 1628 (2019); Zora v. State Ethics Comm'n, 415 Mass. 640, 642 n.3 (1993) ("bald assertions of error" in brief "lacking legal argument and authority . . . [do not] rise[] to the level of appellate argument").[4] See also Maza v. Commonwealth, 423

_____

[4] The wife cites to one case in her reply brief, Torphy v. Reder, 357 Mass. 153, 155-156 (1970), for the proposition that Klein's attorney's lien may not include the sanctions awarded by the Superior Court. Notwithstanding that the wife should have included all relevant legal arguments and supporting authority in her main brief, see O'Meara v. Doherty, 53 Mass. App. Ct. 599, 606 n.4 (2002), the case cited in her reply brief does not establish that the remand judge lacked authority to enforce the

7

Mass. 1006, 1006 (1996) (appellant's pro se status does not excuse noncompliance with rules of appellate procedure).

2. Retroactive child support. The wife asserts that the remand judge erroneously denied her request for retroactive child support. We disagree.

We review child support orders for an abuse of discretion. See Department of Revenue v. C.M.J., 432 Mass. 69, 75 (2000). The wife contends, again without citing to relevant legal authority, that the judge abused her discretion in denying the wife's request for retroactive child support because she was deprived of adequate child support during the pendency of the original divorce action, appeal, and remand proceedings. The remand judge found that, although the wife claimed the husband "did not provide enough support for [the child] over the years,

Superior Court's judgment regarding sanctions. Although we do not reach the merits of this issue, we note that there is no blanket prohibition against seeking enforcement of a monetary judgment issued by a court of the Commonwealth in another court of the Commonwealth. See Mass. R. Civ. P. 69, 365 Mass. 836 (1974) (identical to Mass. R. Dom. Rel. P. 69) ("Process to enforce a judgment for the payment of money shall be a writ of execution, unless the court directs otherwise. The procedure on execution, in proceedings on and in aid of execution shall be in accordance with applicable statutes"); G. L. c. 235, § 14 (b) ("If a judgment is rendered for the plaintiff by a court in an action founded on a judgment rendered by a different court, within the commonwealth, execution shall not issue until the plaintiff files with the court rendering the judgment in the later action, a certificate of the judgment in the earlier case under the seal of the court rendering it, attested by the clerk of such court").

8

. . . [the] evidence prove[d] otherwise. [The] [h]usband consistently paid his child support obligation, . . . all finances [including travel expenses] required by the Italian Custody & Visitation Agreement[,] . . . [and] expenses incurred on behalf of [the child] above and beyond what he was court ordered to pay," including one-half of the child's private school tuition. The remand judge determined that the husband's presumptive child support obligation under the Child Support Guidelines (guidelines) was $365 per week, based on the parties' incomes at the time of the remand trial and the parenting plan under which the child resided principally with the wife. The remand judge declined to order the husband to contribute to the child's private school education. The judge was not required to order retroactive child support under the circumstances of this case,[5] and it was not an abuse of discretion to deny the wife's request for retroactive support where the judge made detailed findings explaining the basis for her decision.[6] Cf. Boulter-

---

[5] The wife originally raised her request for retroactive child support in a complaint in equity. Where, as here, a child is born to married parents, there is no statute requiring a judge to order retroactive child support for any period predating the entry of the divorce judgment. See Department of Revenue v. Roe, 29 Mass. App. Ct. 967, 967-968 (1990). The issue of awarding retroactive child support for children born to married parents ordinarily arises in the context of a modification proceeding. See Boulter-Hedley v. Boulter, 429 Mass. 808, 809-810 (1999).

[6] The remand judge made the following subsidiary findings in support of her ultimate determination regarding retroactive

9

Hedley v. Boulter, 429 Mass. 808, 812 (1999) (judge denying request for retroactive modification of child support should make "specific finding that retroactivity would be . . . unjust, or inappropriate" under circumstances of case).

3. College expenses. The wife contends that the provision in the amended divorce judgment requiring the parties to contribute equally to the child's future post-secondary (i.e., college) expenses was premature and therefore improper. We agree.

"Generally, 'support orders regarding the future payment of post-high school educational costs are premature and should not be made' . . . until college is 'imminent' for the child" (citations omitted). Rosen v. Rosen, 90 Mass. App. Ct. 677, 694 (2016). Here, at the time of the remand trial, the child was

_____

child support. The husband has historically paid, and continues to pay, for all travel expenses incurred to exercise his parenting time with the child. Between 2016 and 2020, the husband incurred approximately $24,535 in travel expenses. The husband has voluntarily paid one-half of the child's private school tuition since September 2017. The husband paid approximately $8,307.19, representing one-half of the child's middle school expenses over a period of two years. At the time of trial, the husband was paying approximately $3,000 per year for the child's high school tuition and miscellaneous school-related expenses. Beginning in January 2015, the husband made voluntary child support payments of $100 per week, increasing them to $150 per week as of September 2015. After the 2016 divorce judgment entered, the husband made weekly child support payments of $240, consistent with that judgment.

10

fifteen years old and in his first year of high school.[7]  Neither party raised the issue of allocating responsibility for future college expenses, and there was no evidence showing that either (1) the child was preparing to attend college soon, see Cabot v. Cabot, 55 Mass. App. Ct. 756, 765 (2002), or (2) special circumstances existed warranting an order for the payment of college expenses.  See Taverna v. Pizzi, 430 Mass. 882, 885-886 (2000); Passemato v. Passemato, 427 Mass. 52, 54-55 (1998).  Accordingly, the provision of the amended divorce judgment ordering the parties to contribute to the child's future college expenses was premature and must be reversed.  See Lang v. Koon, 61 Mass. App. Ct. 22, 26-27 (2004) (order for payment of college expenses premature where children were ages fifteen and eleven, and "and there were no findings of special concerns regarding either the children or the parents").

4.  Property division.  When reviewing the distribution of the marital estate, "[w]e review the judge's findings to determine whether she considered all the relevant factors under G. L. c. 208, § 34, and whether she relied on any irrelevant factors."  Zaleski v. Zaleski, 469 Mass. 230, 245 (2014).  "We

_____

[7] The child started high school in the fall of 2020, only a few months prior to the remand trial in February 2021.  The judge found that the child would not turn eighteen until January 2024, more than two years after the entry of the amended divorce judgment.

11

will not reverse a judgment with respect to property division unless it is 'plainly wrong and excessive.'" Id., quoting Baccanti v. Morton, 434 Mass. 787, 793 (2001).

As noted by the remand judge, the "main asset that [was] contested by the parties [was] the former marital home."[8] The judge was presented with three appraisals dated 2016 ($230,000), 2019 ($285,000), and 2020 ($300,000). The judge used the 2016 appraisal (the year that the parties were divorced) and, after deducting the mortgage, determined that the marital home had equity of $98,594.69. The judge found it "equitable" to award the wife the entirety of her $79,400 contribution to the marital home's down payment, leaving the husband with the remaining equity of $19,194.69 (which was only slightly more than his personal contribution of $18,900 to the down payment. Because the judge assigned the marital home to the husband, he also retained the postdivorce appreciation in the home's equity. The wife contends that she was entitled to a portion of the

_____

[8] The parties were each assigned the property held in their respective individual names because they elected to "have a separate property regime in accordance with their Italian marriage certificate and [the] wife's premarital assets." The wife retained, among other things, two homes in Italy, which she inherited from her late mother, worth approximately $153,000. The husband retained, among other things, his retirement account valued at $88,779.24, which appears to have accrued entirely postdivorce. The value of the parties' other assets, including their individual bank account balances, remained relatively stable between 2016 and 2021.

12

postdivorce appreciation, and that the judge erroneously valued the marital home as of the 2016 divorce.  We disagree.

Where, as here, the property division in the 2016 divorce judgment was vacated and the matter was remanded for a new trial, "[t]his resulted in the case standing as if no judgment had been entered with respect to the [property] division." Johnson v. Johnson, 53 Mass. App. Ct. 416, 420 (2001).  The remand judge "in this instance was charged with dividing the property anew, applying the § 34 factors as of the date of the divorce."  Id. at 421.  The remand judge "then was required to consider whether there had been any appreciation or depreciation with respect to the property, and if so, the extent to which such appreciation was attributable to one or the other of the parties or to some independent cause."  Id. at 421-422.  "[I]f the postdivorce increase . . . [was] attributable only to the postdivorce efforts of one spouse,"  the remand judge was to treat the "postdivorce increase . . . in the value of the property . . . as an after-acquired asset, not subject to division."  Id. at 421.

Here, the judge found that the wife, aside from her contribution of $79,400 to the down payment for the marital home, made "limited contribution toward maintaining the property over the years."  By contrast, the judge found that the husband had, at all times, been "solely responsible for the mortgage

13

payments, taxes, and improvements to the marital home."  The judge therefore implicitly found that the postdivorce appreciation of the marital home was attributable solely to the husband's efforts.  See Johnson, 53 Mass. App. Ct. at 422-423 (consideration of one party's "contributions to the upkeep and improvement of the property, . . . w[as] factor[] that the judge could properly consider in determining whether appreciation of the marital property was solely attributable to [that party]").[9]  Accordingly, we discern no error in the judge's decision to value the marital home as of 2016.  We further conclude that the property division was not plainly wrong and excessive."[10]

Conclusion.[11]  So much of the September 9, 2021 amended judgment on remand requiring the parties to contribute equally

_____

[9] The wife claims that she is entitled to her share of the marital home's appreciation "that is attributable to the rising real estate market," rather than to the husband's sole efforts.  However, the cases cited by the wife do not support this proposition and are distinguishable from the facts of this case.  See Pare v. Pare, 409 Mass. 292, 296 n.4 (1991); Johnson, 53 Mass. App. Ct. at 421.

[10] The wife also contends that the remand judge improperly made a number of findings regarding the parties' postdivorce circumstances.  She does not, however, identify how those findings resulted in a "plainly wrong and excessive" division of property.  Zaleski, 469 Mass. at 245, quoting Baccanti, 434 Mass. at 793.  Moreover, the judge's "consideration of matters occurring subsequent to the divorce," was not improper, where, as here, the 2016 divorce judgment was vacated and the property division had to be considered anew.  Johnson, 53 Mass. App. Ct. at 422.

[11] The wife's request for appellate costs is denied.

14

to the child's post-secondary educational expenses is reversed. The amended judgment on remand is affirmed in all other respects.

<u>So ordered</u>.

By the Court (Massing, Singh & Hershfang, JJ.[12]),

*Joseph F. Stanton*

Clerk

Entered: February 28, 2023.

---

[12] The panelists are listed in order of seniority.