NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-81

MARY P. PEACOCK

vs.

MARK PEACOCK.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Mark Peacock (husband), the former spouse of Mary P. Peacock (wife), appeals from a judgment of divorce nisi entered after a trial in the Probate and Family Court.  On appeal, the husband challenges (1) the judge's denial of his request for a continuance, and (2) the valuation date for the marital home. We affirm.

Background.  The parties were married in 1994.  The wife filed a complaint for divorce in November 2019.  In January 2020, the parties entered into an agreement for temporary orders granting physical custody of their minor child to the wife and ordering the husband to pay weekly child support of $168.  A trial was held on April 20, 2022.  The wife was represented by counsel.  Although the husband had previously been represented

by an attorney, that attorney withdrew and the husband proceeded pro se thereafter.

At the start of trial, the judge observed that the husband had not complied with his order to file a notice of pro se appearance or an updated financial statement. The husband replied that he did not understand the applicable rules and needed legal representation. He then stated that although he did "have the money for an attorney now," he was unsure whether he wanted to "waste all that money on an attorney and decisions are just going to be made that are beyond my control anyways." After the court reiterated that "[y]our ability or inability to hire counsel is up to you," the husband asked if he could "hire an attorney so I can get these matters taken care of." The judge responded that he was going to proceed with the trial.

The marital home in Billerica is the only asset of the marriage. The parties lived in the house together until August 2019, when the husband moved out. It is not subject to a mortgage. At trial, the wife introduced the expert testimony of a real estate appraiser. The witness testified that although the fair market value of the house was $600,000 as of August 9, 2021, it was worth only $400,000 a year earlier on March 30, 2020, when the wife began to make repairs and renovations to it. The wife testified that she spent approximately $130,000 between

2

March 30 and December 18, 2020, to repair and renovate the house.

The husband declined to testify on his own behalf, but he did answer questions from the wife's counsel and the judge. The husband stated that he had set aside $5,000 for an attorney, but did not "want to squander it if I'm not going to be able to use an attorney fairly." He also asserted that the marital home should be divided equally because he had "spent a lot more time and money on that property than she has."

The judge issued a judgment of divorce nisi on July 1, 2022, as well as findings of fact and a rationale. The judge awarded the wife sole physical custody of the minor child, subject to the husband's parenting time, and continued the husband's obligation to pay $168 in weekly child support. The judge valued the home at $400,000, its fair market value on March 30, 2020. The judge further ruled that if the wife was unable to pay $190,730 (the husband's $200,000 interest in the house minus $9,260 in attorney's fees awarded to the wife) within ninety days, it was in the best interest of the parties to place the house on the market for sale. The husband filed a notice of appeal, and is now represented by counsel.

Discussion. 1. Denial of request for continuance. The husband argues that the judge erred in denying his request for a continuance. It does not appear from the record, however, that

3

the husband made such a request. At the start of trial, the husband cited his lack of legal representation as a justification for his failure to comply with the judge's orders, and then asked whether he could "hire an attorney so I can get these matters taken care of." Because the husband did not specifically ask for the trial to be continued, that issue is not preserved for review. See Wilhelmina W. v. Uri U., 102 Mass. App. Ct. 634, 641 (2023) (arguments not raised to judge are waived).

In any event, the judge did not abuse his discretion in proceeding with the trial as scheduled.

> "The need to move a court's docket forward is often compelling, and the allowance, or denial, of a motion for a continuance of trial -- including a motion based on a claim that successor counsel cannot be retained (a claim that, from time to time, we are well aware, may be utilized as a litigation tactic for delay) -- is generally, and should be, a matter well within a judge's discretion."

E.H. v. S.H., 59 Mass. App. Ct. 593, 597 (2003). Here, the divorce proceedings had been ongoing for two and one-half years. In advance of trial, the wife had submitted a pretrial memorandum and updated financial statement. The husband ignored the judge's orders to file a notice of pro se appearance, an updated financial statement, or a witness list. Even though the husband's previous attorney had withdrawn six months before trial, and the judge had previously informed the husband that counsel would not be appointed for him, the husband apparently

4

sought to retain a new attorney only on the morning of trial. Indeed, the husband remained ambivalent as to whether he wanted an attorney, telling the judge that even though he had saved enough money to retain one, he was not sure whether he wanted to "waste" his money by doing so. Under these circumstances, we discern no abuse of discretion where the judge gave greater "weight to the public interest in the efficient operation of the trial list and to the interests of [the wife who was] ready for trial" than to any interest the husband may have had in delay. Fontaine v. Ebtec Corp., 415 Mass. 309, 316 (1993), quoting Castellucci v. United States Fid. & Guar. Co., 372 Mass. 288, 292 (1977).

2. Valuation date for marital home. The husband also argues that the judge abused his discretion and failed to equitably divide the marital property by selecting March 30, 2020, as the valuation date for the marital home as opposed to August 9, 2021. "Under G. L. c. 208, § 34, judges possess broad discretion to divide marital property equitably." Dalessio v. Dalessio, 409 Mass. 821, 830 (1991). "A division of marital property which is supported by findings as to the required factors [under § 34] will not be disturbed on appeal unless 'plainly wrong and excessive.'" Passemato v. Passemato, 427 Mass. 52, 57 (1998), quoting Heins v. Ledis, 422 Mass. 477, 481 (1996).

5

The judge did not abuse his discretion here.  As this court recently stated,

> "Valuing the marital estate as of the date of division of the assets is appropriate in cases where the parties' contribution to the marital enterprise continue up to the date of division.  Where, however, the parties' contributions to the marital partnership ended before the date of division, the judge may use an earlier valuation date" (citations omitted).

Obara v. Ghoreishi, 103 Mass. App. Ct. 549, 552 (2023).  Here, the judge credited the testimony of the wife's expert witness that the house was worth $400,000 on March 30, 2020, soon after the husband moved out, and was worth $600,000 on August 19, 2021, after the wife had made substantial repairs and renovations to it.  The judge further found that the husband "lack[ed] appreciation for [the wife's] attempt to fix and clean the house," and there was a "lack of evidence" that the husband had contributed to the improvements.

Because the judge found that the wife alone was responsible for the repair and renovation of the house after the parties separated, he did not abuse his discretion in selecting a valuation date that occurred before those improvements were made.  See Savides v. Savides, 400 Mass. 250, 252-253 (1987) (not abuse of discretion for judge to exclude wife's participation in increase in value of property where "the increase in value was solely attributable to the husband's efforts").  Because the judge adequately considered the relevant

6

factors under G. L. c. 208, § 34, and did not abuse his discretion in selecting the valuation date for the marital home, we cannot say that the property division was "plainly wrong and excessive."  Passemato, 427 Mass. at 57, quoting Heins, 422 Mass. at 481.

Judgment of divorce nisi
   affirmed.

By the Court (Vuono,
   Massing & Toone, JJ.[1]),

Assistant Clerk

Entered:  April 29, 2024.

---

[1] The panelists are listed in order of seniority.