KATHLEEN PURDY *vs.* LEONARD COLANGELO.

No. 03-P-756.

Essex. April 9, 2004. - June 23, 2004.

Present: ARMSTRONG, C.J., DREBEN, & KANTROWITZ, JJ.

*Divorce and Separation,* Modification of judgment, Child support.

A Probate Court judge properly denied a plaintiff's request to modify a divorce judgment to require contribution from her former husband for their child's college expenses, where the parties' agreement was silent on the issue of college education and modification was not sought while the child was in college. [365-366]

COMPLAINT for divorce filed in the Essex Division of the Probate and Family Court Department on May 28, 1982.

A complaint for modification, filed on February 15, 2002, was heard by *John C. Stevens, III,* J.

*George P. Lordan, Jr.,* for the plaintiff.

*Christopher J. Thornton* for the defendant.

DREBEN, J. After their daughter graduated from Tufts University, the plaintiff (mother) sought modification of a divorce judgment so as to require, inter alia, contribution from her former husband (father) for college expenses of approximately $66,000 which she had paid.[1] The mother appeals from a decision of a judge of the Probate Court denying her request. We affirm.

In a well-reasoned opinion, the judge first determined that the circumstances were closer to those set forth in *Cabot* v. *Cabot,* 55 Mass. App. Ct. 756 (2002), rather than those of *McCarthy* v. *McCarthy,* 36 Mass. App. Ct. 490 (1994), cases involving separation agreements which were silent, as is the one at bar, on

---

[1]Prior to trial the parties resolved all other issues, including contribution by the father to future college expenses of their son at Princeton University.

the issue of college education. Since the children were five and two years old at the time of the agreement, the failure of the parents to address the issue of college expenses could, the judge stated, "fairly be attributed to the young age of the children [as in *Cabot*], as opposed to a mutual decision not to obligate themselves."[2] Accordingly, he concluded, correctly, that the agreement was not fully integrated[3] and that, absent other considerations,[4] modification would be warranted on a showing of a material change in circumstances.[5]

The judge determined that even if modification would otherwise be warranted, he nevertheless denied contribution,

---

[2] As noted in *Cabot* v. *Cabot*, 55 Mass. App. Ct. at 766, the postponement of the issue of college costs is consistent with the "general rule [that] support orders regarding the future payment of post-high school educational costs are premature and should not be made." *Passemato* v. *Passemato*, 427 Mass. 52, 54 (1998). *L.W.K.* v. *E.R.C.*, 432 Mass. 438, 452 (2000). *Lang* v. *Koon, ante* 22, 25 (2004). Since judges will not normally require a parent to pay such expenses prior to a child attaining the age of eighteen, see *L.W.K.* v. *E.R.C.*, *supra* at 453, it is not surprising that the parent likely to be charged with such costs frequently will not willingly assume such obligations and, as a result, separation agreements will often be silent on this matter.

[3] The only provision relating to education states that "the [h]usband shall have the right to attend each child's parent-teacher nights" to discuss the child's educational progress with the teacher. The wife also agreed to provide the husband with all written reports concerning the children's academic and social progress.

The agreement also provided: "This Agreement represents the entire understanding between the parties. This Agreement may not be modified except by an instrument in writing, executed by each of the parties." The agreement was to survive the divorce decree and continue in full force and effect.

The judge noted that G. L. c. 208, § 28, permits a judge to modify surviving provisions of a separation agreement concerning child support "notwithstanding an agreement of the parents that has independent legal significance." In *McCarthy* v. *McCarthy*, 36 Mass. App. Ct. at 493 n.5, we recognized that St. 1993, c. 460, §§ 61 and 66, adding the above quoted language to G. L. c. 208, § 28, and G. L. c. 209, § 37, "diluted substantially the independence of agreements of parents that have independent legal significance."

[4] See note 9, *infra.*

[5] The judge pointed out that in *Cabot* v. *Cabot, supra* at 765, there was a change in circumstances justifying modification of a separation agreement that was silent on college expenses where "one of the children had reached college age, and both wanted to attend college and were preparing to do so . . . ." The showing of more than such a material change was not needed.

relying on G. L. c. 119A, § 13(*a*), set forth in the margin,[6] and also denied relief as a matter of discretion. The statutory provision, c. 119A, § 13(*a*), which does not distinguish between reductions or increases in support orders, see *Smith-Clarke* v. *Clarke,* 44 Mass. App. Ct. 404, 405 n.2, 406 (1998), precludes retroactive modification of "any child support order" except for a period "during which there is pending a complaint for modification."

Contrary to the mother's contention that college expenses are not support and hence do not affect the previous support orders, the judge considered that such college expenses may be considered a component of child support and thus fall within the prohibition of the statute in this case. Although our cases have not addressed the issue whether an order to pay the cost of education is an order modifying a previous support order for purposes of c. 119A, § 13(*a*),[7] payment of such expenses is a

[6]General Laws c. 119A, § 13(*a*), as amended through St. 1998, c. 64, § 161, in relevant parts provides: "(a) Any payment or installment of support under any child support order issued by any court of this commonwealth . . . shall be on or after the date it is due, a judgment by operation of law, with the full force, effect, and attributes of a judgment of this commonwealth including the ability to be enforced; *shall be entitled as a judgment to full faith and credit;* and a judicial or administrative action to enforce said judgment may be commenced at any time; *provided that said judgment shall not be subject to retroactive modification except with respect to any period during which there is pending a complaint for modification, but only from the date that notice of such complaint has been given,* either directly or through the appropriate agent, to the obligee or, where the obligee is the plaintiff, to the obligor." (Emphasis supplied.)

[7]In other circumstances, our cases often suggest that education is part of support. See, e.g., *Passemato* v. *Passemato,* 427 Mass. at 57 (college educational trust fund "in the nature of" order for future child support); *Taverna* v. *Pizzi,* 430 Mass. 882, 886 (2000) (order as to college education fund referred to as support obligation); *L.W.K.* v. *E.R.C.,* 432 Mass. 438, 452, 453 (2000) (Legislature has provided that parents in some circumstances have obligation to provide "educational support" for children who have reached age of eighteen, but also noting that statute places limitation on "educational support awards" after eighteen and "does not limit general support awards for children under the age of eighteen"); *Eccleston* v. *Bankosky,* 438 Mass. 428, 434-437 (2003) (generally, children of nonintact families may receive postminority support for education); *Kirwood* v. *Kirwood,* 27 Mass. App. Ct. 1156, 1157 (1989) (statute does not require consideration of educational expenses separately from support and maintenance obligations); *Lang* v. *Koon, ante* 22, 25 (2004) (upward modification of child support for future college expenses

component of a child's needs and is often covered by support orders or orders in the nature of support orders.

We need not decide the difficult question whether the judge was precluded by G. L. c. 119A, § 13(*a*), from entering an order, because he also declined to do so as a matter of discretion. In the Probate Court the mother argued, as she argues on appeal, that in *Hamilton* v. *Pappalardo*, 42 Mass. App. Ct. 471 (1997), we permitted such retroactive payments under the equity jurisdiction of the Probate Court pursuant to G. L. c. 215, § 6. The judge, here, in denying relief in the "exercise of [his] discretion," pointed to the factual distinctions between the present case and *Hamilton* v. *Pappalardo*, *supra*, in which the parties in their separation agreement expressly omitted making provisions for educational needs knowing that their son had developmental problems and specifically referred to judicial resolution of the issue.[8]

Where, as here, an agreement is silent as to college expenses and modification was not sought while the child was in college, exceptional circumstances would be required for the issuance of a discretionary court order imposing liability.[9] The judge considered that in fairness (as well as by reason of G. L.

premature due to children's ages). Sometimes, however, our cases treat education as separate from support. See, e.g., *Rosenberg* v. *Merida*, 428 Mass. 182, 190 (1998) (noting that divorce judgment did not state how much of an attachment was intended to secure child support obligation and how much to secure potential college expenses); *Cabot* v. *Cabot*, 55 Mass. App. Ct. at 762 n.9 (court authorized to make orders "beyond support" for education).

In this case the record is silent whether the costs claimed by the mother include payments for room and board as well as payments for tuition.

[8]In *Hamilton* v. *Pappalardo*, 42 Mass. App. Ct. at 477, the mother did not inform the father of her decisions. Significantly, we stated that the judge on remand could take into account "the extent to which [the father] unjustifiably may have been excluded from the decision-making process relating to [the son's] education."

[9]Although the parties do not cite to G. L. c. 208, § 28, that statute only authorizes the following orders for children who have attained the age of eighteen.

> "The court may make appropriate orders of maintenance, support and education of any child who has attained age eighteen but who has not attained age twenty-one and who is domiciled in the home of a parent, and is principally dependent upon said parent for maintenance. The court may make appropriate orders of maintenance, support and education for any child who has attained age twenty-one but who has not at-

c. 119A, § 13[a]), a party should not be able, in the absence of exceptional circumstances, to wait until after a child graduates to seek judicial modification of the agreement.[10]

In declining relief, the judge stated:

> "On the facts evident in the present case, the Mother took no steps to seek a contribution for the daughter's college expenses until after graduation. Her reasons for delay are not apparent from the evidence presented. An *ex post facto* [emphasis original] claim for college expenses with no prior notice to the Father may have dissuaded him in becoming involved in the college decision making process or seeking additional financial aid. Absent a persuasive reason why no claim was made until after graduation, this Court will not consider whether or not its equitable powers extend to granting the Mother's request for relief despite the provisions of G. L. c. 119A, § 13(a)."

The judge properly denied relief.

*Judgment affirmed.*

---

tained age twenty-three, if such child is domiciled in the home of a parent, and is principally dependent upon said parent for maintenance due to the enrollment of such child in an education program, excluding education costs beyond an undergraduate degree."

See *L.W.K.* v *E.R.C.*, 432 Mass. at 453; *Larson* v. *Larson*, 30 Mass. App. Ct. 418, 425 (1991); *Heider* v. *Heider*, 34 Mass. App. Ct. 634, 636 (1993).

[10]In her brief and in her reply brief, the mother states that she sought payment from the father during the daughter's college years and that he bullied her into not filing her complaint earlier. The record does not contain any evidence to support this claim, nor do we suggest that it would be sufficient to warrant her request for modification.