Jennifer Tirrell Roberts (wife) appeals the dismissal of her complaint for modification. We affirm.
Background. The wife and Timothy Paul Roberts (husband) entered into a separation agreement on January 17, 2013. The agreement provided that it would "be incorporated but not merged into the divorce judgment and shall survive and remain as an independent contract" except for the provisions "dealing with alimony, child support, custody, and visitation." Among the surviving provisions incorporated into the judgment was section two, "life insurance," which required the husband to maintain a life insurance policy "of at least $500,000 ... until the children are emancipated."
On October 7, 2016, the wife filed the complaint for modification, requesting that the life insurance provision of the agreement "be modified by requiring [the husband] to continue his life insurance obligation so long as an award of alimony remains in effect." As grounds for modification, the wife stated that the parties' youngest child "will be emancipated following the current school year, when she attains her undergraduate degree," which would end the husband's obligation to maintain life insurance. The wife now wished the protection of life insurance to secure her future alimony payments.
On November 3, 2016, the husband filed an answer raising three affirmative defenses, and on December 15, 2016, he filed a motion to dismiss. A Probate and Family Court judge held a hearing on the motion on December 21, 2016. The judge dismissed the complaint on December 28, 2016, and denied the wife's motion for relief from judgment on January 31, 2017. This appeal followed.
Discussion. "A separation agreement, fair and reasonable at the time of a judgment nisi, and constituting a final resolution of spousal support obligations, should be specifically enforced, absent countervailing equities." O'Brien v. O'Brien, 416 Mass. 477, 479 (1993). "Countervailing equities include situations where one spouse is or will become a public charge, or where there has been a failure to comply with the agreement." Broome v. Broome, 43 Mass. App. Ct. 539, 544 (1997). "[S]omething more than a material change in circumstances must be established in order to vary the economic terms on which the divorcing parties have agreed." McCarthy v. McCarthy, 36 Mass. App. Ct. 490, 490 (1994).
The wife did not allege any such countervailing equities. She alleged only that the parties' youngest child would soon be emancipated, a condition that the parties explicitly anticipated. This fact is not sufficient to avoid enforcement of the separation agreement. See Broome, supra at 546-548. Nor are we persuaded by the wife's suggestion that the parties intended the husband's life insurance policy to secure both his child and spousal support obligations. As the motion judge observed, the plain language of the agreement does not reasonably support that interpretation. See Krapf v. Krapf, 439 Mass. 97, 105 (2003).
For the purposes of this appeal, we assume, without deciding, that the judge properly could have modified the divorce judgment to compel the husband to carry a life insurance policy to secure his alimony obligation[2] -unlike the life insurance provision, the question of alimony was merged into the judgment-had the wife shown a material change of circumstances. See Vedensky v. Vedensky, 86 Mass. App. Ct. 768, 772 (2014). But the wife failed even to allege a material change in circumstances. The judge did not abuse her discretion in denying the wife's complaint for modification. See Smith v. Edelman, 68 Mass. App. Ct. 549, 555 (2007) (judge did not abuse discretion in concluding "that the termination of alimony payments to the wife was expressly contemplated by the parties' separation agreement, and accordingly did not constitute a material change in circumstances").
Finally, we discern no error or abuse of discretion in the judge's consideration of the husband's motion to dismiss, which did not strictly adhere to Mass.R.Dom.Rel.P. 12 and was in effect a motion for judgment on the pleadings. It is true that the Massachusetts Rules of Domestic Relations Procedure do not specifically authorize a motion for judgment on the pleadings. Nonetheless, the wife filed a written opposition to the husband's motion and received an opportunity to be heard. She has not demonstrated, or even suggested, that she was in any way surprised, hindered in her ability to respond, or unable to submit evidence to demonstrate that a modification was warranted. Accordingly, the procedural irregularities of which the wife complains were not prejudicial and do not warrant disturbing the judgment. See G. L. c. 231, § 119 ; USTrust Co. v. Kennedy, 17 Mass. App. Ct. 131, 135 (1983) ("Every violation of a procedural rule, however, need not-and should not-require the perpetrator to be undone.... Trial judges, therefore, have discretion to forgive a failure to comply with a rule if the failure does not affect the opposing party's opportunity to develop and prepare a response"). Indeed, the wife has not shown that she would have been entitled to modification even if the husband had failed to file a dispositive motion.
Judgment affirmed.

See G. L. c. 208, § 49(a ), inserted by St. 2011, c. 124, § 3 ("[T]he court may require the payor spouse to provide life insurance or another form of reasonable security for payment of sums due to the recipient in the event of the payor's death during the alimony term").