CAROL D. NAGLE *vs.* JAMES P. NAGLE, JR.

Plymouth. January 13, 1983. — February 17, 1983.

Present: HALE, C.J., ARMSTRONG, & WARNER, JJ.

*Divorce and Separation,* Modification of judgment, Relief from judgment.

Where there had been no change in the circumstances of the parties in a divorce case since the entry of the decree, and where a motion for relief from judgment was not filed until seven and one-half years after entry of the decree, the judge did not abuse his discretion in denying the motion and a complaint for modification, both based on the husband's claim that, although the decree provided for an unconditional payment of $3,000 by the husband to the wife, there had been an understanding that this payment was to be in exchange for the wife's conveyance of her interest in the former marital home. [339]

LIBEL for divorce filed in the Probate Court for the county of Plymouth on February 4, 1972.

A complaint for modification, filed on May 19, 1980, and a motion for relief from judgment, filed on August 20, 1980, were heard by *Murphy,* J.

*Charles J. Hayes* for the defendant.
*William Korkuch* for the plaintiff.

HALE, C.J.   On February 13, 1973, a decree of divorce nisi was entered in a Probate Court which, among other things, awarded the plaintiff a lump sum of $3,000 as alimony in addition to a weekly sum of $75 for the support of the parties' minor children.   On August 20, 1980, the defendant filed a motion for relief from judgment under Mass. R.Dom.Rel.P. 60(b)(6) (1975), and also a complaint for modification.   The motion and the complaint were both based on a claimed understanding of the parties that the payment of $3,000 would represent the plaintiff's interest in the former marital home and that the plaintiff refused to

convey her interest for that payment. The motion and complaint in effect requested relief from the judgment by modifying it to provide for the conveyance by the plaintiff of her interest in the real estate upon the payment to her of $3,000.

On February 10, 1981, the judge who had entered the divorce decree held a hearing on the motion and complaint. In the course of the hearing he excluded much of the evidence offered by the defendant. However, all of the excluded evidence is before us on offers of proof and consists for the most part of letters between the parties' then counsel and a letter to the judge from counsel for the plaintiff.

Shortly after that hearing started, an extended colloquy was held between the judge and counsel. In the course of that colloquy the judge stated: "What appears to be offered by the defendant here, what appears in his mind, is that the Court was mistaken in entering the type of judgment that it entered at that time. At no time had there been any attempt on the part of the parties themselves or one or two of the parties to come before the Court and call this to the Court's attention . . . It's a little late to be coming in at this time and asking the Court to reform its judgment having in mind the appellate procedure that might be available to the parties or the appropriate rule[1] to be applied for relief to be sought wherein there was that type of an error made."

At the end of the hearing the judge stated that (in the original trial which resulted in the decree nisi) counsel had indicated that they had requested that he give them an opportunity "to work something out" and they "might" be able to do so. The judge indicated that he had waited for about three weeks and then stated, "The Court at that time, not having heard anything definitive from counsel, entered its own judgment." The judge also found that there was no

---

[1] As the Massachusetts Rules of Domestic Relations Procedure did not become effective until July 1, 1975, the reference is probably to the pre-July 1, 1975, power of the Probate Court "to correct errors in its decrees 'arising out of fraud, or mistake, or want of jurisdiction, or for any reason adequate in law.'" Scholz v. Scholz, 367 Mass. 143, 145 (1975), quoting from Goss v. Donnell, 263 Mass. 521, 523-524 (1928).

change in circumstances warranting a modification of the divorce decree. He denied the motion under rule 60(b)(6), and entered a judgment denying the complaint for modification.

The only issues raised on appeal are whether the judge abused his discretion in denying the 60(b)(6) motion and entering judgment denying the petition for modification and whether the judge erred in excluding certain offered evidence.[2]

We do not consider the evidentiary claim, as the four sentences in the defendant's brief devoted to it cannot be regarded as appellate argument. Mass.R.A.P. 16(a)(4), 367 Mass. 921 (1975). *Lolos* v. *Berlin*, 338 Mass. 10, 13-14 (1958). As to the first issue, our reading of all the evidence, including the excluded portions, leads us to the firm conviction that the judge, in view of the passage of seven and one-half years from the entry of the decree nisi to the filing of the 60(b)(6) motion,[3] did not abuse his discretion in denying that motion. In the circumstances, he had little choice to do otherwise. His finding that there was no change in circumstances (see *Pemberton* v. *Pemberton*, 9 Mass. App. Ct. 9, 12-13 [1980]) is also supported by the evidence, admitted and offered, and thus is not clearly erroneous.

The order denying the motion under Mass.R.Dom.Rel.P. 60(b)(6) is affirmed. The judgment dismissing the complaint for modification is affirmed. The plaintiff is not to be allowed costs for her brief.

*So ordered.*

---

[2] A complaint for contempt was also heard, and the defendant was adjudged in contempt. He appealed from that order, but, as it has not been argued, we have not considered it.

[3] The parties have briefed and argued this case as governed by rule 60(b)(6). No argument has been advanced concerning the possible applicability of rule 60(b)(1) and that section's one-year time limitation. Since that issue was not raised before us, we will not address it.