TRACEY ANN TAVERNA *vs.* MICHAEL D. PIZZI.

Middlesex. February 7, 2000. - March 8, 2000.

Present: MARSHALL, C.J., ABRAMS, LYNCH, GREANEY, IRELAND, SPINA, & COWIN, JJ.

*Divorce and Separation,* Modification of judgment, Amendment of judgment, Child support, Separation agreement.

A judge of the Probate and Family Court had the power, pursuant to the court's general equity jurisdiction under G. L. c. 215, § 6, to modify a divorce judgment with respect to the care, custody, and maintenance of the parties' child, born four days after the divorce had become final. [884-885]

A judge of the Probate and Family Court properly entered an order directing the father of a child to obtain a life insurance policy for the benefit of the child, who had serious health problems requiring extensive medical care [885]; and an order directing the father to establish a college education fund for the child was, for the same reasons, warranted [885-886].

Where a separation agreement in a divorce action provided for settlement and division of all marital assets and dealt with the issue of alimony, and expressly provided that it would not merge into the judgment of divorce, a judge of the Probate and Family Court was without authority to enter a postjudgment order, in connection with a child support matter, awarding the former wife one-half of her former spouse's 401(k) retirement account. [886-887]

COMPLAINT for divorce filed in the Middlesex Division of the Probate and Family Court Department on September 4, 1984.

A complaint for modification, filed on February 6, 1996, was heard by *William Highgas, Jr.,* J.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Michael P. Henry* for the defendant.

*Carl E. D'Angio, Jr.,* for the plaintiff.

GREANEY, J. The plaintiff and the defendant were married on June 30, 1983. In September, 1984, the plaintiff filed a petition seeking a divorce under G. L. c. 208, § 1A, alleging an irretrievable breakdown of the marriage. The petition was accompanied by the necessary affidavit attesting to the breakdown, and by an executed separation agreement, which provided that

"[t]here have been no children born of [the] marriage and there is no child in esse." The separation agreement additionally provided that it was to be incorporated into, but not merged with, the judgment of divorce. A judge in the Probate and Family Court approved the separation agreement, and ordered the entry of a judgment of divorce nisi on April 3, 1985. The divorce became final on October 3, 1985. On October 7, 1985, the plaintiff gave birth to a girl.

On February 6, 1996, the plaintiff filed a complaint in the Probate and Family Court against the defendant under G. L. c. 209C, § 3 (a), seeking orders establishing paternity and providing for payment of child support. The defendant acknowledged paternity, and a temporary order of child support entered. A Probate Court judge held an evidentiary hearing on the complaint, after which he dismissed the complaint, and transferred the case to the divorce docket. The judge then vacated that portion of the judgment of divorce approving the separation agreement and modified the judgment of divorce to (a) grant the plaintiff sole legal and physical custody of the child, with the defendant to have visitation as mutually agreed on; (b) determine that the defendant was responsible for paying child support from the date of the child's birth to the date on which he commenced paying child support pursuant to the temporary order previously entered, in an amount of $200 each week, obtained by wage assignment; (c) order the defendant to acquire a life insurance policy on his life in the amount of $150,000, designating the child as the irrevocable beneficiary thereunder; (d) direct the defendant to establish a college education fund for the child by depositing $50 each week into such account with any unspent principal and interest in the fund to be given outright to the child when she reached twenty-three years of age; (e) order the defendant to convey to the plaintiff a fifty per cent interest in his 401(k) retirement plan; and (f) establish past due child support owed by the defendant in the amount of $50,000, with payment of that sum to be made within five years in the form of monthly payments to the plaintiff made through an interest bearing promissory note secured by the defendant's interest in a parcel of real estate jointly owned by the defendant and his brother. The defendant appealed from the judgment dismissing the plaintiff's complaint under G. L. c. 209C, and from the amended divorce judgment. We transferred the case here on our motion. We conclude that the judge's

orders should be upheld with the exception of the order distributing the balance of the college educational fund to the child when she reaches twenty-three years of age, and the order conveying fifty per cent of the defendant's 401(k) account to the plaintiff.

1. The defendant argues that the judge had no authority, once he dismissed the complaint under G. L. c. 209C, to award retroactive child support as part of a modification of the divorce judgment. We disagree.

The judge was concerned with the fact that the child was conceived during the marriage, while the plaintiff and the defendant were separated, but born four days after the parties' divorce had become final. The judge indicated that he did not want to enter "a judgment of paternity that . . . [the child] is an illegitimate child." The judge stated, "[S]he is not a child born out of wedlock. This is a child that was born of a legitimate marriage of two people . . . [a]nd . . . a complaint to establish paternity [should not have been brought]." The judge concluded that the matter should be handled as part of the divorce because "it matters for the child's sake, who is unrepresented, that . . . she is a legitimate child, born of a legitimate marriage." Thus, the judge proceeded to deal with the issues concerning present and past child support in connection with the divorce, treating the proceedings, in substance, as based on a complaint seeking modification.

The defendant concedes in his brief, as he must, that "[h]ad [the case] gone to judgment on [the] [p]aternity [c]omplaint, there is no question that the [c]ourt had the authority to award retroactive child support under [c.] 209C." See G. L. c. 209C, § 9 (*a*), which provides, in pertinent part, that "[u]pon the petition of a party, the court shall also order past support for the period from the birth of the child to the entry of the order." He also acknowledges, as he must, that a father is obligated to support his minor children. See G. L. c. 273, § 1; *Fennell* v. *Russell*, 282 Mass. 67, 71 (1933). We note that G. L. c. 208, § 28, authorizes a probate judge to make postdivorce judgment modification orders with respect to "the care, custody and maintenance of the minor children of the parties," when there is a "material and substantial change in the circumstances," and "modification is necessary in the best interests of the children." In addition, when child support is ordered, pursuant to G. L. c. 208, § 36, "the court may require sufficient security for its payment." See G. L. c. 208, § 12 ("real and personal property of

the other spouse may be attached" to secure child support obligation).

We need not ponder over the precise course of the judge's authority with respect to the retroactive child support orders. The judge clearly had the power, pursuant to the general equity jurisdiction conferred on the Probate and Family Court Department by G. L. c. 215, § 6, if from no other source, to consider the child a legitimate child of the parties; to order the defendant to make ongoing weekly payments of child support for her; to determine, and order paid by the defendant, past child support; and to provide for payment with suitable security for the $50,000 amount computed as the past support owed. *Wood* v. *Wood*, 369 Mass. 665, 669 (1976).

2. We conclude as well that the order directing the defendant to obtain a life insurance policy in the amount of $150,000 for the benefit of the child was proper. The child has suffered from birth with serious health problems requiring extensive medical care. At the time of the hearing we are reviewing, she was almost twelve years old. She was born with distal arthrogryposis,[1] a disabling condition. The plaintiff testified that the child "has no movement in her feet, or her wrists, or her shoulders. She's had [numerous medical procedures and] her fifteenth surgery will be coming up." The evidence warranted findings that the defendant had denied, and had evaded, his financial duty to care for the child over the years, and that the plaintiff had been compelled to deal with, emotionally, and to some extent financially, the hardships caused by raising a physically challenged child. Those hardships and expenses would continue. In view of these considerations, an order providing for the child's future needs by means of life insurance in the event of the defendant's death was within the judge's discretion. See G. L. c. 208, §§ 28, 36; *Pare* v. *Pare*, 409 Mass. 292, 300 (1991).

3. In *Passemato* v. *Passemato*, 427 Mass. 52, 54 (1998), we stated that, "as a general rule, support orders regarding the future payment of post-high school educational costs are premature and should not be made," but we indicated that such

---

[1] "Arthrogryposis" is defined as a "[c]ongenital defect of the limbs characterized by contractures of joints." Stedman's Medical Dictionary 150 (26th ed. 1995). "Distal" is defined as "[s]ituated away from the center of the body, or from the point of origin; specifically applied to the extremity or distant part of a limb or organ." *Id.* at 511.

orders would be upheld when the particular facts of the case justified them. In view of the factual considerations stated in Part 2 of this opinion,[2] we are satisfied that the order directing the defendant to establish a college education fund for the child was warranted. We conclude, however, that the order should not have provided for the distribution of any unexpended amounts in the fund to the child when she reaches twenty-three years of age. In our view, that portion of the order is tantamount to an impermissible assignment of marital property to a child of the parties under G. L. c. 208, § 34, see *id.* at 56, and it must be vacated.

4. The order vacating the separation agreement so that the plaintiff can be awarded fifty per cent of the defendant's 401(k) fund cannot stand. The separation agreement is complete and final on its face. The agreement provided for a settlement and division of all the marital assets of the parties under G. L. c. 208, § 34; dealt with the issue of alimony; and expressly provided that it would "not be merged into the judgment[] of divorce, but shall survive the same and be . . . forever binding upon the [h]usband and [w]ife." The plaintiff's complaint under G. L. c. 209C could not, and did not, seek any assignment of the defendant's property. There was no claim, and no evidence at the evidentiary hearing, that the separation agreement had been procured by fraud, misrepresentation, concealment of assets, mistake, or duress on the part of the defendant, thereby possibly warranting modification. See *Nagle* v. *Nagle*, 15 Mass. App. Ct. 337, 338 n.1 (1983); *Kirtz* v. *Kirtz*, 12 Mass. App. Ct. 141, 145 (1981). The parties' separation agreement was final on the matters contemplated by G. L. c. 208, § 34, and under the traditional rule that a judgment concerning the division of marital property is not subject to modification, see *Drapek* v. *Drapek*, 399 Mass. 240, 244 (1987), which applies here, should not have been set aside so that fifty per cent of the defendant's 401(k) fund could be assigned to the plaintiff more than ten years after the divorce became final.[3] Despite the infirmities mentioned in the orders pertaining to the college education fund

---

[2]The defendant does not contend that he is unable to comply with either the judge's order to pay $50 a week toward the child's college educational fund or any of the judge's other financial orders.

[3]We note also that the judge made no specific findings indicating that he had considered the mandatory factors set forth in G. L. c. 208, § 34, and adequately supporting the order that directed the assignment, which the amended judgment stated was a "distribution . . . by way of division of as-

and the division of the defendant's 401(k) account, we conclude that the judge acted responsibly in addressing the past and continuing support obligations of the defendant so that the compelling needs of the child could be ameliorated.

5. So much of paragraph 4 of the amended divorce judgment that vacates the separation agreement of the parties is set aside, and there is substituted therefor an order approving and adopting the agreement. So much of paragraph 10 of the amended divorce judgment that provides for the payment of the balance remaining in the college educational fund to the child when she reaches twenty-three years of age is vacated, and, in its place, it is provided that the balance is to be paid to the husband at that time. Paragraph 11 of the amended divorce judgment, assigning fifty per cent of the defendant's 401(k) account to the plaintiff, is vacated. The remainder of the amended divorce judgment is affirmed.

*So ordered.*

---

sets pursuant to G. L. c. 208, [§] 34." See *Pare* v. *Pare*, 409 Mass. 292, 296 (1991).