NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-436

JIAN JIANG

vs.

QILUN LIU.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Qilun Liu (mother) appeals from a judgment on her complaint for modification of a divorce judgment.  Jian Jiang (father) cross-appeals from the divorce judgment.  We affirm both judgments.

On July 28, 2017, the father filed a complaint for divorce against the mother in the Probate and Family Court.  Following a trial, on June 22, 2020, a judge entered a judgment of divorce nisi and awarded sole legal custody of the parties' minor child to the mother with extensive parenting time for the father.  The child would also "reside primarily" with the mother.  The judgment allowed each party "to travel with the child internationally no more than once every two years during his/her

scheduled parenting vacation time."  On April 8, 2021, the mother filed a complaint for modification, subsequently seeking, at issue here, to travel to China with the child for one year, and the father opposed.  On August 30, 2023, following a trial on the complaint for modification at which both parties testified, a second judge entered a judgment declining to modify the travel provisions.

"A minor child of divorced parents who is a native of . . . this commonwealth . . . shall not, if of suitable age to signify his consent, be removed out of this commonwealth without such consent, or, if under that age, without the consent of both parents, unless the court upon cause shown otherwise orders." G. L. c. 208, § 30.  "'Upon cause shown' means that removal is in the best interests of the child" (citation omitted).  Miller v. Miller, 478 Mass. 642, 647 (2018).  Where, as here, one parent has sole physical custody, "a judge must evaluate that parent's request to remove the child under the 'real advantage' analysis set forth in [Yannas v. Frondistou-Yannas, 395 Mass. 704, 711-712 (1985)]."  Miller, supra at 648.  "In this process, the first consideration is whether there is a good reason for the move, a 'real advantage.'"  Yannas, supra at 711.

As the substance of the second judge's memorandum of decision indicates, the mother failed to demonstrate that the move would produce a real advantage for the child.  At the

2

modification trial, the mother testified that the move to China would allow the child (eight years old) to obtain Chinese citizenship, receive an international education, and become exposed to a different culture shared by his parents and grandparents.  She emphasized that eligibility for citizenship would not be available after the child turned sixteen years of age.  In his testimony, the father disputed the child's ability to obtain dual citizenship at all, emphasized the child's "stable life here," noted the child was already "fluent enough" in Chinese, and called the trip "totally unnecessary."  After hearing the testimony, the second judge weighed the alleged advantages, noted the child had time to achieve the citizenship before reaching age sixteen, and concluded that the mother's request was "premature at this juncture and must be denied."  We discern no "abuse of discretion" in the second judge's conclusion as to the modification judgment.  Miller, 478 Mass. at 653.  See L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014) ("appellate court's review of a trial judge's decision for abuse of discretion must give great deference to the judge's exercise of discretion").

Assuming without deciding that the father's cross appeal is properly before us, we next address the father's claims relating to the divorce judgment.  He makes three requests for modification of the divorce judgment:  (1) "swap Parties'

3

parenting obligation," (2) "null the child support arrears owed," and (3) change the terms of property division regarding the marital residence.  To the extent the father claims the first judge erred, he has not provided a trial transcript that would enable appellate review.  See Jones v. Jones, 103 Mass. App. Ct. 223, 238 (2023) (appealing party has obligation to include in appendix parts of record that are essential for review); Mass. R. A. P. 8, as appearing in 481 Mass. 1611 (2019).  His claims otherwise appear to be requests to modify the divorce judgment that must be raised, if at all, in the trial court through a complaint for modification.  See, e.g., G. L. c. 208, § 28 ("Upon a complaint after a divorce . . . the court may make a judgment modifying its earlier judgment as to the care and custody of the minor children . . ."); Taverna v. Pizzi, 430 Mass. 882, 886 (2000) ("judgment concerning the

division of marital property is not subject to modification").

Given these circumstances, we affirm the divorce judgment.

Judgment of divorce nisi entered June 22, 2020, affirmed.

Modification judgment entered August 30, 2023, affirmed.

By the Court (Desmond, Grant & Hodgens, JJ.[1]),

*Paul Little*

Clerk

Entered:  March 19, 2025.

---

[1] The panelists are listed in order of seniority.

5