NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-1468
24-P-295

CONGHUI ZHENG

vs.

HONG LIANG SHEN (and a companion case[1]).

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Hong Liang Shen (husband), the former husband of Conghui Zheng (wife), appeals from the judgment on his complaint for contempt dated September 29, 2023, and from the second amended further judgment on contempt, issued by a Probate and Family Court judge.  We affirm.

Background.  Following a trial, the parties divorced in December 2022.  As relevant here, the judgment awarded the former marital home to the wife provided that she pay the husband $85,309, representing one-half of the equity in the

_____

[1] Conghui Zheng vs. Hong Liang Shen.

home, by March 15, 2023.[2]  In the event the wife could not make the required payment by that date, the judgment ordered that the property would be sold, the husband would receive $85,309, and the remaining sale proceeds would be awarded to the wife.  The judgment also required the wife to close the parties' business bank account within thirty days of the judgment and transfer one-half of the balance to the husband.  Neither party appealed from the divorce judgment (divorce judgment).[3]

1.  First round of contempt proceedings.  In January 2023, the wife decided to sell the home, and the parties signed a listing agreement with an agreed-upon realtor.  On April 12, 2023, they executed an amended purchase and sale agreement (P&S), with a closing date scheduled for April 26, 2023.  On the closing date, the husband executed, and his attorney notarized, a seller's limited power of attorney with a typewritten notation stating that "[t]he disbursement of proceeds shall solely comprise paying off mortgage and broker fee and taxes and other necessary fee adjustment for closing.  No disbursement shall be made to [the wife] and [the husband] at closing time."  The husband's attorney then sent an e-mail message to the wife's

---

[2] Pretrial, the parties stipulated to the fair market value.

[3] The husband's motion to amend the divorce judgment was denied without a hearing.  A panel of this court affirmed that decision.  See Zheng v. Shen, 104 Mass. App. Ct. 1113 (2024).

counsel stating that the husband would "sign the [con]veyance of the deed under the condition that the sales proceeds be held in escrow account." Due to the restrictions placed on the sale proceeds, the wife withheld the deed, and the sale did not take place.

On April 28, 2023, the husband filed a complaint for contempt against the wife, alleging that she violated the divorce judgment by, among other things, refusing to deliver the deed and place the sale proceeds in an escrow account, and by failing to pay him his share of the business account balance.[4] On June 29, 2023, the wife filed a complaint for contempt against the husband, alleging that he violated the divorce judgment by failing to execute the documents necessary to complete the sale. After a hearing on both complaints, the judge found neither party in contempt but determined that the sale did not take place "[a]s a result of the Husband's actions in seeking to restrict the disbursement of the sale proceeds," which "served to frustrate and/or delay the sale of the marital

---

[4] The husband alleged the following violations by the wife: "refusing to deliver[] the deed to the buyer under the P&S; refusing to place the proceeds in an escrow account to have a final account for taxes; the accounting of the business account; and the calculation of $85,309 does not comply with the current law, a rule 60 motion has been filed."

home."[5]  Separate judgments dated September 29, 2023, entered on the respective complaints for contempt; the judgment on the husband's complaint required the parties to cooperate and effectuate the sale in a timely manner; follow all recommendations of the realtor, including any terms to be included in the P&S; and execute "forthwith" the documents necessary to sell the home and transfer title (September 29 contempt judgment).

2.  <u>Second contempt proceedings</u>.  The wife's counsel arranged for the realtor to relist the home, and on October 10, 2023, the realtor sent the parties a new listing agreement containing terms identical to the prior agreement.  Following the husband's delay in signing the new agreement, the wife filed a complaint for contempt on October 19, 2023, alleging that the husband's failure to sign "forthwith" violated the September 29 contempt judgment.  The husband signed the listing agreement on October 30, 2023; however, the parties could not agree on a listing price.  After two hearings, the judge issued an order dated December 19, 2023, requiring the parties to list the home for $317,100, based on the realtor's recommendation.  On January 3, 2024, the realtor presented another P&S for the parties to

---

[5] The wife did not appeal the judgment finding the husband not guilty of contempt.

4

sign, which was to set expire in two days.  The husband signed

the agreement the same day, but included a "special condition"

stating:

> "The sales price was ordered by Berkshire Probate court in
> a second Contempt hearing based on its Judgment on [the
> husband's] Complaint of Contempt; and [the husband] has
> appealed . . . whether the judgment on his complaint of
> Contempt by the Berkshire Probate Court is valid or not may
> take many months to be determined by the Appeals [C]ourt
> . . . please consult with your attorney."

When the husband declined to remove the "special condition," the

wife filed an emergency motion requesting the appointment of a

disinterested person to sign the P&S in the husband's stead.

See Mass. R. Dom. Rel. P. 70.[6]  After a hearing on the motion,

the judge found the husband in contempt of the September 29

judgment:

> "by i) failing to execute a listing agreement which was
> presented to him on or about October 10, 2023 'forthwith'
> (footnote omitted); ii) failing to execute a purchase and
> sale agreement which is scheduled to expire on January 5,
> 2024; and iii) attempting to insert terms into said
> Agreement that were not recommended by the realtor
> (footnote omitted), which would serve to delay or frustrate
> the sale of the former marital home."

The husband timely appeals from the September 29 contempt

judgment in favor of the wife and the second amended further

---

[6] Although the wife titled the motion as an "Emergency
Motion Pursuant to Massachusetts Civil Procedure Rule 70," the
judge construed this as a motion pursuant to
Mass. R. Dom. Rel. P. 70, which is identical to Mass. R. Civ. P.
70, 365 Mass. 836 (1974).

judgment on contempt entered nunc pro tunc to January 4, 2024.

Discussion. 1. Contempt. "[A] civil contempt finding [must] be supported by clear and convincing evidence of disobedience of a clear and unequivocal command." Birchall, petitioner, 454 Mass. 837, 853 (2009). We review a judge's ruling on a complaint for contempt only for abuse of discretion. See Voorhis v. Relle, 97 Mass. App. Ct. 46, 54 (2020).

a. September 2023 contempt judgment. i. Contempt finding. The husband argues that the judge erred in finding the wife not guilty of civil contempt. We are not persuaded.

The judge found that the divorce judgment did not contain a clear order requiring delivery of a deed to the buyer. To the extent the husband argues that this finding is clearly erroneous, we are not persuaded, because the finding has ample support in the record. See Martinez v. Lynn Hous. Auth., 94 Mass. App. Ct. 702, 706 (2019). The divorce judgment required the wife to pay the husband a sum certain, but it is silent as to any obligation to execute or deliver closing documents. Indeed, the judge noted, and the record reflects, that it was the husband's own actions that prevented the sale from taking place.

Similarly, the divorce judgment required the wife to close the business account within thirty days, but it did not specify

6

a date for payment to the husband.  See Bock v. Board of Registration in Med., 492 Mass. 1024, 1025 (2023) ("[W]e determine whether a party is in contempt by looking to the precise words of the order itself" [citation omitted]).  Because the judgment did not contain specific timelines for compliance, the judge did not abuse her discretion in finding the wife not guilty of civil contempt.[7]

ii.  Other arguments.  The husband advances two additional arguments, neither of which was raised nor argued below, and therefore are not properly before us.  See Carey v. New England Organ Bank, 446 Mass. 270, 285 (2006).  Even if they were, neither would offer the husband the relief he seeks.

The husband first argues that the wife was judicially estopped from selling the home prior to March 15, 2023. "Judicial estoppel is an equitable doctrine that precludes a party from asserting a position in one legal proceeding that is contrary to a position it had previously asserted in another proceeding" (citation omitted).  Otis v. Arbella Mut. Ins. Co., 443 Mass. 634, 639-640 (2005).  Where the divorce judgment provided the wife an option to sell the marital home if she could not pay the husband what he was owed, doing so to comply

_____

[7] We note that the wife, as required by the divorce judgment, paid the husband his share of the business account prior to the contempt hearing.

7

with her payment obligations was not a position "mutually exclusive" of her efforts to retain the home during the divorce proceedings.  See id. at 640-641.  The fact that the wife took a different position during the pendency of the divorce proceedings did not require the judge to apply the doctrine against the wife.

The husband also contends that the judge abused her discretion by failing to correct "cleric[al] errors" in the divorce judgment.[8]  His argument is actually a disguised claim for modification,[9] and it is well settled that property division is not subject to modification.  See Taverna v. Pizzi, 430 Mass. 882, 886 (2000); Drapek v. Drapek, 399 Mass. 240, 244 (1987).

b.  Second amended further judgment on contempt.  The husband argues that the judge erred in finding him in contempt of the September 29 contempt judgment because the wife "committed fraud by using the 'unenforceable,' 'invalid'

---

[8] The appropriate vehicle for correcting clerical mistakes is a motion for relief from judgment, see Mass. R. Dom. Rel. P. 60 (a), which the husband did not pursue.  Even assuming he had, "[t]he [r]ule does not permit alterations of factual and legal decisions deliberately made, or correction of errors of substantive judgment" (quotation and citations omitted).  Gagnon v. Fontaine, 36 Mass. App. Ct. 393, 398 (1994).

[9] The husband sought to vacate the parties' pretrial stipulation as to the value of the home and an increase in the amount of sale proceeds to be awarded to him.

8

'stipulation'" to the value of the marital home during the divorce proceedings. The husband also contends that the "judge abused her discretion by punishing [the husband] for placing a disclosure statement" in the P&S. These arguments are without merit.[10]

The husband's contention that the pretrial stipulation constituted fraud on the part of the wife is not properly before us, see Carey, 446 Mass. at 285, and, in essence, seeks to relitigate an issue that was resolved against him in a prior case. See Zheng v. Shen, 104 Mass. App. Ct. 1113 (2024). As to his argument that he is being "punish[ed]" for altering the terms of the P&S, "[c]ivil contempt proceedings are remedial and coercive, intended to achieve compliance with the court's orders for the benefit of the complainant" (quotation omitted). Furtado v. Furtado, 380 Mass. 137, 141 (1980). Here, the September 29 contempt judgment required the parties to "follow all recommendations of the realtor regarding the negotiating and terms contained in the Purchase and Sale agreement." The judge did not abuse her discretion by finding that the husband's "attempt[] to insert terms into said Agreement that were not

---

[10] The husband also reasserts that the wife was judicially estopped from electing to sell the marital home. As discussed supra, this argument is not properly before us and is nevertheless unavailing.

9

recommended by the realtor (footnote omitted), which would serve to delay or frustrate the sale of the former marital home," was a clear disobedience of that provision of the judgment.  See Bock, 492 Mass. at 1025.

2.  Appellate costs and fees.  The wife seeks appellate attorney's fees and double costs as sanctions against the husband and his attorney pursuant to G. L. c. 211A, § 15 and Mass. R. A. P. 25, as appearing in 481 Mass. 1654 (2019).  In our discretion, we may "award double costs to an appellee in a civil case when the appeal is frivolous, immaterial, or intended for delay."  Avery v. Steele, 414 Mass. 450, 455 (1993).  "An appeal is frivolous . . . where there can be no reasonable expectation of a reversal under well-settled law" (citation omitted).  Dacey v. Burgess, 491 Mass. 311, 319 (2023).[11]  Here, the husband tried to relitigate the nonmodifiable property division and devoted the bulk of his briefs to issues not properly before us and without factual support in the record.  See Avery, supra at 456 ("[i]nappropriate argument and unsubstantiated statements in a brief may . . . make [appeal] frivolous"); Allen v. Batchelder, 17 Mass. App. Ct. 453, 458

_____

[11] We may assess fees and costs against the husband pursuant to G. L. c. 211A, § 15, and against the husband's attorney pursuant to Mass. R. A. P. 25.  See Avery, 414 Mass. at 455, 457 & n.6.

10

(1984) (appeal that "cover[ed] no ground not gone over by [previous] cases" was frivolous).  He also failed to consult with the wife's counsel regarding the contents of the record appendices, thus requiring her to file supplemental appendices, and dedicated much of the appendices to predivorce filings and other documents outside the scope of the issues on appeal.[12]  See Mass. R. A. P. 18 (b), as appearing in 481 Mass. 1637 (2019).

In accordance with the procedures outlined in Fabre v. Walton, 441 Mass. 9, 10-11 (2004), the wife may, within fourteen days of the issuance of this memorandum and order, submit an application for attorney's fees and costs with the appropriate

---

[12] We note that although it was the husband's obligation as appellant to obtain all transcripts relating to issues to be argued on appeal, see Mass. R. A. P. 8 (b), as appearing in 481 Mass. 1611 (2019), the wife bore the costs of ordering the November 20, 2023, and December 18, 2023, hearing transcripts.

11

supporting materials.  The husband shall have fourteen days thereafter to file a response to that application.[13]

Judgment on husband's
  complaint for contempt
  dated September 29, 2023,
  affirmed.

Second amended further
  judgment on contempt
  entered nunc pro tunc to
  January 4, 2024, affirmed.

By the Court (Blake, C.J.,
  Meade & Grant, JJ.[14]),

*Paul Little*

Clerk

Entered:  April 8, 2025.

---

[13] The husband's request for attorney's fees and costs is denied.

[14] The panelists are listed in order of seniority.